Harland Ray BROWN, Appellant,

v.

Mel Stuart FRIEDMAN, Appellee.

No. 15598.

Court of Civil Appeals of Texas,

Houston (1st Dist.).

Feb. 26, 1970.

Rehearing Denied March 19, 1970.

Weitinger, Bradshaw & Foster, Houston, Tom W. Foster and David E. Lueders, Houston, of counsel, for appellant.

Jamail & Gano, Joseph D. Jamail, William J. Stradley, Houston, for appellee.

PEDEN, Justice.

Personal injury suit arising from rear-end collision. Defendant, Harland Brown, appeals from judgment in favor of plaintiff, Mel Friedman, based on a jury verdict. The jury found several negligence and proximate cause issues against the defendant but did not find the plaintiff to have been contributorily negligent. The plaintiff was awarded $5,000. for general damages and $2,000. for past and future medical services.

The defendant's points of error are that the trial court erred in failing 1) to grant his motion for a mistrial because plaintiff's counsel injected liability insurance into the case in his jury argument, 2) to hold that there was not evidence to support the jury finding as to future medical expenses, 3) to hold that the jury finding as to future medical expenses was against the great weight and preponderance of the evidence and 4) to hold that there was no evidence to support the jury finding as to loss of future earning capacity.

We overrule the points of error.

The only objection made by the defendant to the jury argument of plaintiff's attorney did not concern insurance, and the defendant's motion for mistrial was made after the jury had retired to consider its verdict but before it had rendered its verdict.

◼ The general rule with respect to improper argument is well settled: a party must object to it at the time it is made and his objection must be overruled; it is only when the probable harm or the resulting prejudice cannot be eliminated or cured by retraction or instruction that a new trial will be awarded in the absence of a timely objection. Texas Employers Insurance Association v. Haywood, 153 Tex. 242, 266 S.W.2d 856 (1954).

The argument was improper in several respects. The principal basis of the defendant's complaint is that a certain phrase hinting that the defendant had insurance coverage was repeatedly used in the jury argument. It is true that it would have been difficult to give an instruction which would not have merely emphasized the problem, but we cannot presume that the trial judge would not have instructed plaintiff's counsel, outside the hearing of the jury, to stop using the phrase.

◼ It is doubtful whether an instruction by the court or withdrawal of the argument by the plaintiff's counsel would have been likely to lessen any improper impression made on the jury, but the vice of the argument was the repetition of a hint of the existence of prejudicial matter, and it could have been controlled by the court's telling counsel shortly after he began to develop the theme that he must cease. If opposing counsel fails to object, his motion for mistrial filed while the jury is deliberating comes too late.

The defendant also complains on appeal of other arguments made to the jury by the plaintiff's counsel, including a reminder that the trial judge instructed the jury not to consider insurance and not to be concerned about "who is to pay this." Further, that counsel emphasized that the court had permitted a trial amendment raising his allegation of damages from $20,000. to $50,000. and asked for that exact amount.

◼ We refer to Martinez v. Williams, 312 S.W.2d 742, 750–752 (Tex.Civ.App. 1958, no writ), for a discussion by Associate Justice Werlein of the factors upon which we are to determine whether such improper arguments were prejudicial or harmless. It is our duty to decide whether they were reasonably calculated to cause, and probably did cause, the jury to render

a verdict which it might not otherwise have rendered.

■ Having reviewed the entire record in this case we conclude that the improper arguments did not contribute in a substantial way to bring about an unjust result, i. e., that probable harm under Rule 434, Texas Rules of Civil Procedure, has not been shown. The defendant's own testimony made it likely that the jury would find that his negligence proximately caused the accident and other evidence amply supported such liability findings. He does not complain that the verdict was excessive. In fact, it amounted to less than one-seventh of the amount that plaintiff's counsel seems to have been suggesting as the extent of the defendant's insurance coverage.

Defendant does not contend, and the record does not show, that the jurors ever mentioned or discussed insurance. Apparently they were not interrogated on the subject.

The defendant's second and third points of error are "no evidence" and "against the great weight of the evidence" points as to future medical expenses. The jury's finding of $2,000. was in response to an issue which inquired as to the amount of his reasonable and necessary expense of both past and future medical services.

The defendant-appellant points out that the evidence as to past medical expense amounted to no more than $811.50, so the finding as to future medical expense was at least $1,188.50. One of the medical experts stated that he thinks the plaintiff will have some recurrent episodes (of pain in his cervical spine) for the rest of his life and will require medical care and therapy in the future. Also that on the plaintiff's last visit to the doctor's office he had a 25% to 30% restriction of motion and said he had pain in both shoulders and had pain on pressure over the back of his neck. Most of his bill for $736.50 was for therapy.

The other doctor who testified stated his opinion that the pain and muscle spasms he found in the plaintiff's neck would be permanent in an intermittent fashion, depending on his activities.

His life expectancy, according to the United States Life Tables, was about 45 years.

Defense testimony showed that one of the doctors who treated the plaintiff found no objective signs of injury, that his complaint of low-back pain followed a fall some weeks subsequent to the automobile collision and that on many occasions he did not come in for treatment when instructed to do so.

■ The award of future medical expenses is a matter about which no precise evidence is required, it being a matter peculiarly for the jury, and one upon which the jury may make its award based upon the nature of the injuries, the medical care rendered before the trial, and the condition of the injured party. Edens-Birch Lumber Co. v. Wood, 139 S.W.2d 881 (Tex.Civ.App.1940, err. dism., judg. cor.); City of Houston v. Moore, 389 S.W.2d 545 (Tex.Civ.App.1965, writ ref., n. r. e.), 17 Tex.Jur.2d Damages § 250. We conclude that there was evidence as to future medical expense and that the jury's answer to that issue was not so contrary to the great weight of the evidence as to be clearly wrong.

■ In appellant's last point he asserts that there was no evidence to support the jury's finding that the plaintiff would suffer any loss of future earning capacity.

The damage issue inquiring as to the plaintiff's future earning capacity also inquired as to reasonable compensation for his past and future physical pain and mental anguish and his past and future diminished capacity to work and earn money.

The jury's answer in the sum of $5,000. gave no indication that any part of it was assessed for the plaintiff's loss of future

earning capacity, so we are unable to say that the jury found that he would suffer any such loss.

The judgment of the trial court is affirmed.