Blake HAMMAN, Appellant,

v.

BOAZ WELL SERVICE, INC., Appellee.

No. 18422.

Court of Civil Appeals of Texas,
Fort Worth.

Aug. 20, 1981.
Rehearing Denied Sept. 10, 1981.

Fillmore & Camp and Patrick H. O'Neill, Fort Worth, for appellant.

McDonald, Sanders, Ginsburg, Phillips, Maddox & Newkirk and Greg S. Hargrove, Fort Worth, for appellee.

### OPINION ON MOTION FOR REHEARING

HUGHES, Justice.

In granting Blake Hamman's motion for rehearing we withdraw our opinion and

judgment dated July 16, 1981, substituting therefor the following.

This is a venue case involving principles of vicarious liability. Boaz Well Service filed suit against Blake Hamman and Truman Dean in Jack County seeking recovery of damages it allegedly sustained to its property as a result of a gas well fire. Hamman and Dean filed separate pleas of privilege to be sued in Tarrant County, the county in which they both reside. It is the overruling of Hamman's plea of privilege which is the subject of this appeal.

Inasmuch as Boaz relies most heavily upon Tex.Rev.Civ.Stat.Ann. art. 1995(9a) (Supp.1980–81) to hold venue as to Hamman in Jack County, Dean's status is of prime importance. Boaz contends that its damages were proximately caused by the negligent acts of Dean, occurring in Jack County, while he was acting within the scope of his employment as a servant, agent or representative of Hamman. (In particular, Boaz asserts that Dean struck a match at the well site which ignited escaping gas.) Hamman, on the other hand, argues that Dean was an independent contractor geologist.

The issue is one of whether the trial court, which filed no findings of fact or conclusions of law, was justified in impliedly finding the existence of a master-servant relationship and the nonexistence of an independent contractor relationship between Hamman and Dean.

■ Where an "employer" retains the right to control the details of the work to be performed by a contracting party a master-servant relationship exists. *Newspapers, Inc. v. Love*, 380 S.W.2d 582, 585 (Tex.1964). Where an "employer" is interested only in the results and the contracting party independently determines the details as to the method and manner by which the desired results are attained, an independent contractor relationship exists. *King v. Loessin*, 572 S.W.2d 87, 89 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ).

■ Dean described his field duties as "what is prescribed for a geologist and a field production man. I have all duties that a geologist performs on the drilling of a well plus working with the logs and finding out any future details plus the completion of a well, running of pipe, perforating, acidizing, so forth and so on." Dean testified further, however, that he did not "operate a rig that would do perforations or anything like that" but that someone else would be employed to do such work. It thus appears that Dean's duties were those of a consulting petroleum geologist and supervisor.

As far as the work which he did perform, Dean testified as follows:

"Q When you would set out to accomplish a particular job, whether in the office or in the field, would you select your own method and means of how you accomplished this job?

"A Yes, sir.

"Q In other words, Mr. Hamman didn't try to tell you how to do your work, did he?

"A No, sir.

"Q That was up to you?

"A Except the things he wanted done in the office.

"Q He would tell you a specific job that needed doing but how you went about it was up to you?

"A Yes, sir."

This testimony was corroborated by Hamman and was uncontradicted.

In support of its position that Hamman had the right to control the details of Dean's work Boaz points to testimony to the effect that Hamman had the exclusive authority to decide: which service company should be utilized to work the well; how many feet to perforate and the number of shots; and whether to kill a well. The testimony reflects that Hamman's decisions were made based upon Dean's independent recommendations and once the decisions were made Dean had the authority of "running the job".

■ It is apparent that Hamman's authority as to these particulars went to the ultimate result to be attained and did not

affect the functions which were independently performed by Dean. An "employer" has the right to exercise such control over an independent contractor that is necessary to insure the performance of the contract, in order to accomplish the results of the contract contemplated by the parties, without thereby making such contractor an employee. *J. A. Robinson Sons, Inc. v. Ellis*, 412 S.W.2d 728, 735 (Tex.Civ.App.—Amarillo 1967, writ ref'd n. r. e.).

We hold that the evidence was insufficient to establish a master-servant relationship between Hamman and Dean. Dean was an independent contractor whose possible negligence could not be imputed to Hamman so as to permit venue to lie in Jack County under subdivision 9a of Article 1995. *See: Olson v. B. W. Merchandise, Inc.*, 388 S.W.2d 737 (Tex.Civ.App.—Austin 1965, no writ).

▮ Boaz also relied upon Tex.Rev.Civ. Ann. art. 1995(29a) (1964) in its controverting affidavit as an exception to the general venue rule. Suffice it to say that even if it conceded that venue as to Dean was properly set in Jack County pursuant to subdivision 9a of Article 1995, it cannot be said that Hamman would be a necessary party in a Jack County suit against Dean. Boaz' original petition prays that Dean and Hamman be held jointly and severally liable. Joint tort-feasors in this context are not necessary parties because complete relief by way of recovery of damages could be had against either Dean or Hamman alone without joinder of the other. *C. Hayman Construction Co. v. American Indemnity Co.*, 473 S.W.2d 62, 69 (Tex.Civ.App.—Dallas 1971, no writ).

We sustain Hamman's points of error relating to the trial court's implied finding of the existence of a master-servant relationship and the nonexistence of an independent contractor relationship between Hamman and Dean. Such disposition renders consideration of the remaining points of error unnecessary. We reverse the judgment of the trial court overruling Hamman's plea of privilege and render judgment that the cause as to Hamman be transferred to Tarrant County.

Reversed and rendered.