GLADEWATER MUNICIPAL HOSPI-
TAL and Abdul Marashi, M.D.,
Individually, Appellants,

v.

John William DANIEL, Appellee.

No. 9342.

Court of Appeals of Texas,
Texarkana.

June 25, 1985.

Brent Howard, Grainger, Patterson, Howard & Colley, John Minton, Potter, Guinn & Roberts, Tyler, for appellants.

Kenneth L. Ross, Longview, for appellee.

Before CORNELIUS, C.J., and BLEIL and CHADICK *, JJ.

CORNELIUS, Chief Justice.

Gladewater Municipal Hospital and Dr. Abdul Marashi appeal from a judgment of $100,000.00 against them jointly and severally, and $5,000.00 against Marashi, individually, in John William Daniel's medical malpractice suit. The bases of their appeal are: The trial court improperly allowed a nurse to testify to medical standards of care and causation; and the evidence is legally and factually insufficient to support the jury findings of liability, the hospital's responsibility for Marashi's acts, and the award of future medical expenses. We affirm the judgment.

Daniel suffered a leg injury and was treated at Gladewater Hospital by Dr. Marashi. His leg developed osteomyelitis which still persists. He alleged that the osteomyelitis was caused by improper care by both Dr. Marashi and the hospital.

Daniel produced two medical experts who testified that the hospital and Dr. Marashi were negligent in their treatment of his leg. Dr. Gary Jacobs gave a standard of reasonable medical care for changing bandages, and testified that Dr. Marashi had violated the standard in failing to properly monitor the condition of Daniel's wound and to change bandages. Despite evidence that Daniel's wound was obviously draining through his bandages and had a strong odor, there was evidence that his bandage was changed only twice during his thirty-nine day hospital stay, the first time being thirteen days after his surgery. Dr. Marashi testified he changed the bandage three times. Dr. Jacobs testified that the

failure to change the bandage frequently was a proximate cause of Daniel's osteomyelitis. A registered nurse, Linda Burge, testified that the nurses at the hospital had violated their standard of care in failing to report drainage of the wound to the doctor, and in failing to change the bandages properly and frequently.

At one point nurse Burge testified that both the hospital and Dr. Marashi were negligent, but the court sustained an objection to the testimony on the ground that she was incompetent to testify to the doctor's standard of care. The jury was instructed not to consider her answer for any purpose. This was her only testimony concerning the doctor's negligence.

■ She also testified about medical causation of Daniel's injuries. Although the admission of that testimony was error, it does not require a reversal of the judgment since there was competent evidence of medical causation from Dr. Jacobs. Given Dr. Jacob's admissible medical testimony, any error in admitting the nurse's testimony on this point was harmless. Tex.R. Civ.P. 434; *Lee v. Andrews*, 545 S.W.2d 238 (Tex.Civ.App.—Amarillo 1977, writ dism'd).

■ The hospital and Dr. Marashi argue that the evidence supporting the jury's findings of liability is factually and legally insufficient. In addition to the testimony noted previously, two other medical experts testified by deposition for the defendants.

We find there is some evidence to support the jury's findings of liability. Dr. Jacob's testimony about Dr. Marashi's violation of the standard of care and medical causation, nurse Burge's testimony about the nurses' failure of due care, and the Daniels' testimony about Dr. Marashi's evasiveness and the infrequency of his visits and bandage changes were not without probative force. Although there was conflicting evidence from Dr. Marashi about the nurses' care, considering only the evidence in the light most favorable to the verdict, as we must in a no evidence con-

---

* Honorable T.C. Chadick, Justice, Supreme Court of Texas, Retired, sitting by Assignment.

tention, there was some evidence raising a fact issue on the hospital's and Dr. Marashi's negligence. *Glover v. Texas Gen. Indem. Co.,* 619 S.W.2d 400 (Tex.1981).

We also find the evidence factually sufficient. While the evidence conflicted on every submitted issue, there was sufficient testimony which having been accepted by the jury as true, justifies the findings of liability, and we do not find the verdict so against the weight and preponderance of the evidence as to be manifestly unjust. *Wolters v. Wright,* 649 S.W.2d 649 (Tex. App.—Texarkana 1982, writ ref'd n.r.e.).

The jury's finding that Dr. Marashi was an employee or agent of the hospital is also attacked as being supported by factually and legally insufficient evidence.

■ If an employer retains the right to control the details of the work to be performed by a contracting party, a master-servant relationship exists which will authorize the application of the rule of respondeat superior. *Newspapers, Inc. v. Love,* 380 S.W.2d 582 (Tex.1964). On the other hand, where an employer is interested only in the results, and the contracting party independently determines the details of the method by which the desired results are attained, an independent contractor relationship exists and the rule of respondeat superior has no application. *Hamman v. Boaz Well Service, Inc.,* 620 S.W.2d 903 (Tex.Civ.App.—Fort Worth 1981, no writ); *King v. Loessin,* 572 S.W.2d 87 (Tex.Civ. App.—Houston [1st Dist.] 1978, no writ). We find no evidence that the hospital had the right to control the details of Dr. Marashi's work in the manner required by *Newspapers, Inc. v. Love,* supra; *Hamman v. Boaz,* supra, or *King v. Loessin,* supra. There is therefore no evidence to support the jury's finding that Dr. Marashi was the hospital's agent. Liability may be sustained on another ground, however. The vicarious liability of the hospital for the acts of the nurses has not been contested except for the factual and legal insufficiency attacks discussed above, and the judgment against the hospital may be sustained

on that basis regardless of whether Dr. Marashi was an employee.

Finally, we consider the challenge to the sufficiency of the evidence supporting the jury's award of future medical expenses. The jury awarded $53,000.00 for future medical expenses.

Dr. Jacobs testified that Daniel would need at least three more surgeries at a cost of approximately $10,000.00 each. Other risks faced by Daniel, according to Dr. Jacobs, are loss of his leg and permanent osteomyelitis. The hospital and Dr. Marashi argue that because the jury's award exceeds Dr. Jacobs' dollar estimate of future surgical expenses, the amount awarded is based on speculation and is impermissible. We disagree.

■ The award of future medical expenses is a matter primarily for the jury to determine. Precise evidence is not required. The jury may make its award based upon the nature and course of the injuries or disability, the medical care rendered before trial, past medical expenses, and the condition of the injured party at the time of trial. The plaintiff is not required to establish the future medical consequences of his injury by expert medical testimony grounded only on reasonable medical probability. *Hughett v. Dwyre,* 624 S.W.2d 401 (Tex.App.—Amarillo 1981, writ ref'd n.r.e.). *See also Keller Indus., Inc. v. Reeves,* 656 S.W.2d 221 (Tex.App.— Austin 1983, writ ref'd n.r.e.); *Thate v. Texas & Pac. Ry. Co.,* 595 S.W.2d 591 (Tex.Civ.App.—Dallas 1980, no writ); *Southwestern Bell Tel. Co. v. Davis,* 582 S.W.2d 191 (Tex.Civ.App.—Waco 1979, no writ); *Brown v. Friedman,* 451 S.W.2d 588 (Tex.Civ.App.—Houston [1st Dist.] 1970, no writ).

■ We find evidence and inferences which, considered with all the surrounding circumstances, were sufficient to allow the jury to find $53,000.00 as future medical expenses.

For the reasons stated the judgment is affirmed.