Buchanan v. Bridges 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00102-CV







Sylvia R. Buchanan, Appellant



v.



Robert G. Bridges, M.D., Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NO. CV 93-1148-A, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING








 Sylvia R. Buchanan, appellant, brought a wrongful-death suit pursuant to the Texas
Tort Claims Act against Angelo State University ("ASU") and appellee, Dr. Robert G. Bridges. 
See Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (West 1986 & Supp. 1996). After
summary judgment was granted for ASU, the trial court granted summary judgment for Dr.
Bridges on the grounds that Dr. Bridges was an employee of ASU and, therefore, was protected
from liability by the Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann.
§ 101.106 (West 1986). Buchanan appeals, asserting that a genuine issue of fact exists as to
whether Dr. Bridges was an employee of ASU. We will reverse the summary judgment and
remand the cause for further proceedings.



FACTUAL AND PROCEDURAL BACKGROUND


 Dr. Bridges has been licensed to practice medicine in Texas since 1964. Since
1967 he has been board certified in obstetrics and gynecology. In 1989 he began working part-time at the ASU Health Clinic, providing medical services to ASU students. During this time,
he continued his private medical practice at a separate office that was not associated with ASU.

 Buchanan alleged negligence in the diagnosis and treatment of a staph infection that
led to the death of her son, James Yancy Buchanan. ASU filed a motion for summary judgment
asserting, first, that Buchanan had failed to plead a cause of action under the Texas Tort Claims
Act and, alternatively, that ASU could not be held vicariously liable because the treating
physicians had not been negligent in their treatment of Buchanan's son. The trial court granted
summary judgment for ASU and severed the claims against it from the claims asserted against Dr.
Bridges. Buchanan did not appeal from the judgment in favor of ASU.

 Thereafter, Dr. Bridges filed a motion for summary judgment asserting that as a
matter of law section 101.106 of the Civil Practice and Remedies Code barred any claim against
him. Section 101.106 provides:


A judgment in an action or a settlement of a claim under this chapter bars any
action involving the same subject matter by the claimant against the employee of
the governmental unit whose act or omission gave rise to the claim.


Tex. Civ. Prac. & Rem. Code Ann. § 101.106 (West 1986). The sole ground urged by Dr.
Bridges in his motion was that the evidence showed conclusively that ASU was a governmental
unit, that Dr. Bridges was an employee of ASU, and that the judgment for ASU was final and
unappealed. Dr. Bridges argued, therefore, that pursuant to section 101.106 no genuine issues
of fact remained and he was entitled to judgment as a matter of law.


DISCUSSION


 Summary judgment is proper only when the movant shows that there is no genuine
issue of material fact and that it is entitled to judgment as a matter of law. Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 548 (Tex. 1985); Tex. R. Civ. P. 166a(c). In deciding
whether there is a disputed material fact issue precluding summary judgment, evidence favorable
to the non-movant will be taken as true. Nixon, 690 S.W.2d at 548-49. Every reasonable
inference must be indulged in favor of the non-movant and any doubts resolved in its favor. Id. 
The purpose of summary judgment is to eliminate patently unmeritorious claims and defenses, not
to deprive litigants of their right to a full hearing on the merits of any real issue of fact. 
Gulbenkian v. Penn, 252 S.W.2d 929, 931 (Tex. 1952).

 Section 101.001 of the Civil Practice and Remedies Code provides the definition
of an employee for purposes of the Texas Tort Claims Act:


"Employee" means a person, including an officer or agent, who is in the paid
service of a governmental unit by competent authority, but does not include an
independent contractor, an agent or employee of an independent contractor, or a
person who performs tasks the details of which the governmental unit does not
have the legal right to control.


Tex. Civ. Prac. & Rem. Code Ann. § 101.001(1) (West 1986). Dr. Bridges attached as
summary-judgment evidence the pleadings and his own affidavit in which he stated that at the time
he treated the deceased he was employed by ASU and was acting in the course and scope of his
employment. (1)

 Buchanan argues that there is a fact issue as to whether Dr. Bridges was an ASU
employee as defined by section 101.001. Buchanan points to deposition testimony of Dr. Bridges
in which he testified that he had no written contract with ASU, that no one from ASU attempted
to control the details of his work, and that ASU had never reserved the right to control the details
of his work. The summary-judgment record also contains an affidavit of ASU's attorney stating
that ASU was not licensed to practice medicine and could not practice medicine without violating
Texas law. See Tex. Rev. Civ. Stat. Ann. art. 4495b § 3.07 (West Pamph. 1996). (2)

 In response, Dr. Bridges argues that his deposition contains evidence that (1) he
was salaried and paid hourly, (2) his schedule was set by ASU and he was scheduled a certain
number of hours, (3) his taxes were deducted from his paycheck by ASU, (4) his position with
ASU was a part-time job and that he also maintained a private practice, (5) he had an ASU
identification number and card, (6) ASU provided a parking space and sticker, (7) he received
hourly raises, (8) he had received a cost of living increase, (9) ASU furnished the facilities, staff,
supplies, and patients, and (10) he "believed" he was an ASU employee.

 Physicians are often considered independent contractors vis-à-vis the hospitals in
which they work. See Brown v. Montgomery County Hosp. Dist., 905 S.W.2d 481, 484 (Tex.
App.Beaumont 1995, no writ); Dumas v. Muenster Hosp. Dist., 859 S.W.2d 648, 651 (Tex.
App.Fort Worth 1993, no writ)(stating that physicians are generally considered independent
contractors at hospitals where they have staff privileges). Some physicians, however, may be
considered hospital employees. See Jim M. Perdue, The Law of Texas Medical Malpractice, 11
Hous. L. Rev. 302, 338 (1974).

 The general test for determining whether one is acting in the capacity of an
employee or in the capacity of an independent contractor is whether the employer has the right
to control the progress, details, and methods of operation of the work. Thompson v. Travelers
Indem. Co., 789 S.W.2d 277, 278 (Tex. 1990); Newspapers, Inc. v. Love, 380 S.W.2d 582, 590
(Tex. 1964). Whether the requisite right of control exists is usually a question of fact. Sparger
v. Worley Hosp., Inc., 547 S.W.2d 582, 583 (Tex. 1977); Berel v. HCA Health Servs. of Texas,
Inc., 881 S.W.2d 21, 24 (Tex. App.Houston [1st Dist.] 1994, writ denied).

 The "right to control the details of the work" test has been applied in determining
whether a physician is a hospital employee or an independent contractor. See Drennan v.
Community Health Inv. Corp., 905 S.W.2d 811, 819-20 (Tex. App.Amarillo 1995, writ
requested); Berel, 881 S.W.2d at 24; Gladewater Mun. Hosp. v. Daniel, 694 S.W.2d 619, 621
(Tex. App.Texarkana 1985, no writ). Because of the unique nature of a physician's work, it is
possible that the test might need to be applied more "loosely" in the physician/hospital setting than
in other contexts. Thus, one court found evidence of employee status in the fact that the hospital
maintained a "utilization review committee" which, together with the hospital's medical director,
had the power to overrule an admitting physician's order if they felt appropriate treatment was not
being administered. See Berel, 881 S.W.2d at 24. On the other hand, the mere fact that a
physician with staff privileges "agrees to abide by certain policies and procedures while utilizing
a hospital's facilities does not translate into an employment agreement." See Drennan, 905
S.W.2d at 819.

 Whatever the precise contours of the test are in a physician/hospital context, the
summary-judgment evidence in the present case raises conflicting inferences with respect to
whether Dr. Bridges was an ASU employee or an independent contractor. We conclude,
therefore, that Dr. Bridges failed to establish conclusively that he was an ASU employee as
defined by section 101.001 of the Civil Practice and Remedies Code. We sustain Buchanan's
point of error one.

 In a separate sub-point of error, Buchanan asserts that her action against Dr.
Bridges would not be barred by section 101.106 of the Civil Practice and Remedies Code even
if the evidence did show conclusively that he was an employee of ASU. In light of our disposition
of point of error one, we need not address Buchanan's other point.

CONCLUSION


 We reverse the trial court's summary judgment and remand the cause to that court
for further proceedings.



 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and B. A. Smith

Reversed and Remanded

Filed: February 7, 1996

Do Not Publish

1. The relevant portions of appellee's affidavit are as follows:

Since August of 1989 I have been employed on a part-time basis at the
Angelo State University Health Clinic to provide medical services to the
students of Angelo State University, and I continue to be so employed.

. . . .

When I saw James Yancy Buchanan as a patient on November 19, 1991,
and on November 22, 1991, I was acting in the course and scope of my
employment for Angelo State University, and all examinations, evaluations,
treatment and medical care provided by me to James Yancy Buchanan on
November 19, 1991, and again on November 22, 1991, was performed by
me while in the course and scope of my employment for Angelo State
University.

 
2. Article 4495b provides in part:

A person practicing medicine in violation of this Act commits an offense. 
Except as provided by this section, an offense under this section is a class A
misdemeanor. 


pacity of an independent contractor is whether the employer has the right
to control the progress, details, and methods of operation of the work. Thompson v. Travelers
Indem. Co., 789 S.W.2d 277, 278 (Tex. 1990); Newspapers, Inc. v. Love, 380 S.W.2d 582, 590
(Tex. 1964). Whether the requisite right of control exists is usually a question of fact. Sparger
v. Worley Hosp., Inc., 547 S.W.2d 582, 583 (Tex. 1977); Berel v. HCA Health Servs. of Texas,
Inc., 881 S.W.2d 21, 24 (Tex. App.Houston [1st Dist.] 1994, writ denied).

 The "right to control the details of the wo