The **TEXAS AND PACIFIC RAILWAY COMPANY, Appellant,**

v.

**Nick J. NABHAN et ux., et al., Appellees.**

**No. 4137.**

Court of Civil Appeals of Texas.

Eastland.

March 11, 1967.

Rehearing Denied April 7, 1967.

Jim Gallagher and Schuyler B. Marshall, of Scott, Hulse, Marshall & Feuille, El Paso, for appellant.

Abraham & Chagra, El Paso, for appellees.

GRISSOM, Chief Justice.

Mrs. Nabhan and her minor daughter were trapped in the Nabhan's automobile between others on the tracks of the Railway Company; their car was struck by its backing train and they were injured. In their suit for damages, based upon a

jury verdict, judgment was rendered for the Nabhans and the Railway Company has appealed.

The Railway Company's first contention is that the first three issues and the answers thereto did not submit, nor was there a finding, of an ultimate issue which could be the basis for the judgment. In answer to said issues the jury found that (1) the Railway Company's agent instructed Mrs. Nabhan to drive forward when such movement could not be made in safety; that (2) the agent was negligent in so directing Mrs. Nabhan and that (3) his said act was a proximate cause of the accident.

The Railway Company's evidence was to the effect that there were several railroad tracks crossing the street and highway on which the Nabhans were traveling; that Mrs. Nabhan stopped her automobile with its front hanging over the first rail on the south; that defendant's train had passed over the crossing going west and the engine and first cars were out of sight around a bend; that the agent gave a signal to another trainman, who relayed it around the bend to the engineer, for the train to back east over track 6 at the crossing. It was disputed whether the agent gave the signal for the train to back up after or before he saw Mrs. Nabhan's position and directed her to drive forward across the tracks. The agent testified that he saw the front of Mrs. Nabhan's car over the southernmost rail and that he repeatedly directed her to move forward; that when he directed her to move forward he had not seen an automobile stopped on the north side of the tracks, if it was then stopped, so close that Mrs. Nabhan could not get completely off the track on the North side onto which the train was switched and backed, causing the rear end of her car to be struck by the train. The testimony for the Nabhans in this regard was to the effect that Mrs. Nabhan stopped her car in the street, not with its front end projecting over the rail, as the agent testified; that the agent motioned for her to move forward, or north,

across the tracks; that she hesitated and he insisted again and again that she move forward, whereupon, not seeing the engine and not knowing the exact situation, she concluded that he should know better than she what ought to be done, she obeyed his instruction and tried to cross the tracks, got to the north side of the series of tracks but was unable to get the rear end of her automobile off the northern track, onto which the backing train was switched, because an automobile was stopped in front of her close to the track preventing her from getting completely off the tracks; that by that time a line of cars had also formed back of her, to the south, so she could not back off the tracks, a line of cars was north of the tracks travelling south; that she saw the train switched onto the track on which she was trapped but she was unable to move in any direction and was trapped there and the backing, switched train struck the rear end of her automobile turning it around and injuring Mrs. Nabhan and her minor daughter. There was evidence to the effect that said agent did not give the signal for the train to back over the crossing until after he ordered Mrs. Nabhan to drive forward and that the backing train was thereafter switched onto the track on which she was trapped and struck.

■ Appellant ably argues that the ultimate issue was whether Mrs. Nabhan was ordered to move forward "from a position of safety." It admits she was ordered to drive forward. A study of the evidence convinces us that said distinction is immaterial under the circumstances. The jury also found that (6) just before the accident Mrs. Nabhan could not have driven her automobile around the left side of the automobile which had stopped to the north and in front of her; that (9) the action of the driver of that automobile in remaining stopped in front of her was not the sole proximate cause of the accident and that (10) the accident was not unavoidable.

If the evidence of the Railway Company was correct and Mrs. Nabhan had remained where the brakeman says she was when he first motioned for her to move forward she merely had the front of her car over the first rail on the south side and at that stage she might have backed off the track, or driven around other cars and the train, which was switched onto the track where she was trapped as a result of obeying the brakeman's orders, might not have struck her. If she was stopped in the street south of the south track, as Mrs. Nabhan says she was, the same thing is true, plus the fact that she could have disobeyed the agent and refused to move forward onto the railway tracks. So, we conclude that, under the circumstances, the court substantially submitted the ultimate issues upon which a judgment could be based. The findings were, in effect, that the agent ordered Mrs. Nabhan to move forward across its tracks. This is undisputed. It was a question of fact whether at that time, regardless of whether Mrs. Nabhan was or was not then in a position of safety, whether the movement required by the agent could have been safely made. The jury found that such undisputed action of the agent was negligent and a proximate cause of the collision. If, as the jury found, Mrs. Nabhan was ordered to cross the track when she could not safely do so, and this caused the collision, it would not appear to be controlling whether at the time such order was given Mrs. Nabhan was in a position of safety or otherwise. We think the cases cited by appellant do not require a contrary holding. Points 1 through 7, inclusive are overruled.

In answer to issue 12 the jury found that $567.95 would compensate Mrs. Nabhan for reasonable and necessary expenses incurred from the date of the accident to the time of trial for hospital, doctor and x-ray bills as a proximate result of the alleged injuries. In answer to issue 13A the jury found that $350.00 would compensate Mrs. Nabhan for the reasonable and necessary expenses for household help from June 30, 1965, to date. In answer to 13B it found that $450.00 would compensate her for household help which would be required in the future as a proximate result of the alleged injuries. In answer to issue 14A the jury found that $400.00 would compensate Mrs. Nabhan for personal earnings she would lose in the future as a proximate result of the accident.

Over proper objection, evidence was admitted as to hospital and doctor bills incurred and terrible suffering endured during Mrs. Nabhan's second period of confinement in a hospital, from July 7 to July 14, 1965. In connection therewith Mrs. Nabhan testified over proper objection to severe pain, headaches and hysterical crying spells induced, according to her testimony, by pain that was greater than she could bear. The question of expenses incurred for hospital bills, doctor bills, and the like during said second period of hospital confinement was submitted to the jury. and included in the jury's answer of $567.95 to issue 12. This was permitted in spite of the fact that all the testimony, including that of Mrs. Nabhan's doctor was to the effect that confinement in the hospital from July 7th to July 14th and the terrible pains testified to during that period had no connection with the accident but were caused by the flu. Such evidence certainly affected the answer to issue 12 wherein the jury found damages in the amount of $567.95 including hospital and doctor bills covering the period when she was suffering only from the flu. Such testimony naturally appealed to the sympathies of all people and in all probability affected and tainted the jury's answers to issues 13A and B and 14A and B, causing the jury to find larger amounts of damage than it probably would have otherwise. State v. Hilton, Tex.Civ.App., 405 S.W.2d 715. Such action was unquestionably erroneous. It was reasonably calculated to cause and probably did cause a larger verdict and judgment than otherwise would have been returned and rendered. We have considered whether or not we could, with reasonable certainty, require a remittitur

that might cure such errors and have concluded that it is impossible. Therefore, the judgment in favor of Mrs. Nabhan is reversed and the cause as to her is remanded.

The jury found damages suffered by June Nabhan. No reversible error is shown in connection therewith. The judgment for June Nabhan against the Railway Company is affirmed. Affirmed in part and in part reversed and the cause remanded.