**SECURITY MUTUAL CASUALTY COMPANY, Appellant,**

v.

**R. L. TURNER, Appellee.**

**No. 11768.**

Court of Civil Appeals of Texas, Austin.

July 15, 1970.

Anderson, Henley, Shields, Bradford & Pritchard, C. A. Searcy Miller, Dallas, for appellant.

Bean, Francis, Ford, Francis & Wills, Don Wills, Dallas, for appellee.

PHILLIPS, Chief Justice.

This is a workmen's compensation case where the question to be determined is whether Appellee had a pre-existing hernia before the injury in question.

The trial court overruled Appellant's Motion for Summary Judgment and Judgment Notwithstanding the Verdict and awarded Appellee damages upon a jury verdict.

We reverse and render.

Appellee is before this Court with eleven points of error; however, as we sustain Appellee's point number three it will be unnecessary to discuss the remaining points.

■ Appellant's point of error number three, which we sustain, is that of the court in rendering judgment because there is no evidence to support the jury's finding on special issue No. 5. In special issue No. 5 the jury found that the hernia did not exist in any degree prior to the injury in question.

Approximately fourteen months prior to Appellee's alleged injury a medical doctor conducted a pre-employment examination of Appellee at the request of the C & H Transportation Company. Appellee was refused employment because a left inguinal hernia was diagnosed. Tex.Rev.Civ.Stat. Ann. art. 8306, sec. 12 denies recovery for a pre-existing hernia.

Testimony from the examining physician disclosed that Appellee had a pre-existing hernia which was either protruding at the time of the examination or protruded when Appellee coughed. Lewis v. American Surety Co., 143 Tex. 286, 184 S.W.2d 137 (1944). We have reviewed this record carefully and find no evidence to dispute the physician's testimony. When questioned about the prior hernia, Appellee answered: "That is possible that there were some symptoms of it but I have never been bothered." When asked whether he had had trouble with his left groin area before and whether the hernia existed to some degree prior to the injury, he answered: "never had bothered me."

■ A plaintiff is given quite a wide latitude in describing his physical condition at the time of injury; however, he cannot give opinion evidence concerning a diagnosis which in its nature could be given only by a qualified physician or surgeon. 17 Tex.Jur.2d, page 308, sec. 248, Damages and the cases there cited.

The judgment of the trial court is reversed and judgment is here rendered that Appellee take nothing by his suit.

Reversed and rendered.