Hershell PRUITT et al., Appellants,

v.

Thomas Wayne MORRISS et al., Appellees.

No. 791.

Court of Civil Appeals of Texas,
Tyler.

Dec. 5, 1974.

Goodwin & Jarrel, Willis Jarrel, Tyler, for appellants.

David A. Lake, Tyler, for appellees.

MOORE, Justice.

Appellees, Thomas Wayne Morriss, et al, instituted this suit against Hershell Pruitt, et al, alleging fraud and unjust enrichment seeking to recover the sum of $2,325.00 which appellants agreed to hold in escrow pending the signing of a certain lease agreement. Appellees alleged that the lease was never signed, and prayed for a return of the funds held by appellants. Upon a trial before a jury the jury returned a verdict for appellees upon all special issues except Special Issue No. 10, reading as follows: "Do you find from a preponderance of the evidence that the loss, if any, suffered by Plaintiffs, was caused in whole or in part by Plaintiff's lack of reasonable care in the entire transaction?" The jury answered "We do." Appellees moved the court to disregard the issue on the ground that there was no evidence to support the jury's finding. The trial court granted the motion and after disregarding the finding, rendered judgment for appellees in the amount prayed

for. From this ruling and judgment appellants perfected this appeal.

We affirm the judgment.

By a single point of error appellants urge that the trial court erred in disregarding Special Issue No. 10.

The record does not contain a statement of facts.

■ By sustaining appellees' motion to disregard, the trial court impliedly found that there was no evidence of probative force to support the jury's finding on the issue.

■ Upon appeal appellants have the burden of showing that the judgment complained of was erroneous. Where the error complained of involves evidence adduced at the trial, appellant has the burden of bringing forward a statement of facts, or bill of exception for appellate review. In this instance appellants had the burden of bringing forward a record showing that there was at least some evidence of probative force to sustain the jury's finding on Special Issue No. 10. By failing to bring forward a statement of facts appellants failed to discharge their burden of demonstrating that the ruling complained of was erroneous. Chavers v. Lucenay, 329 S.W. 2d 503 (Tex.Civ.App., Waco, 1959); Bishop v. Allied Finance Company, 483 S.W.2d 46 (Tex.Civ.App., Dallas, 1972). Under these circumstances we are not permitted to presume that the trial court erred in finding that there was no evidence to support the jury's finding. On the contrary we must presume, in support of the judgment, that the record contained no evidence to support the jury's finding on the issue in question. This proposition is so firmly established that citation of authority is unnecessary.

The judgment of the trial court is affirmed.