**LIBERTY MUTUAL FIRE INSURANCE COMPANY, Appellant,**

**v.**

**James Marcus GEE, Appellee.**

No. 9559.

Court of Appeals of Texas, Texarkana.

Feb. 2, 1988.

Rehearing Denied April 12, 1988.

John R. Mercy, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellant.

Leighton Cornett, Cornett & Echols, Paris, for appellee.

CORNELIUS, Chief Justice.

This is an appeal from an award of workers' compensation benefits to James Gee. The jury found that Gee was totally and permanently disabled from an injury that extended to and affected his body generally. Because testimony by witnesses who had not been identified in response to interrogatories was improperly admitted into evidence, we reverse the judgment and remand the cause for a new trial.

James Marcus Gee was employed by Campbell Soup as a slitter operator. While he was in the course of his employment on February 8, 1982, a metal pallet slid off a hydraulic roller and trapped his left leg between it and another pallet. Liberty Mutual paid him compensation for a specific injury to his leg.

On January 10, 1986, Gee filed a workers' compensation action against Liberty Mutual in the 62nd District Court of Lamar County. He pleaded a general injury, stating that his leg was crushed and "[t]he injuries ... have rendered him unable to do the ordinary tasks of a workman to such an extent that he cannot both get and keep employment doing the ordinary tasks of a workman,...." Liberty Mutual responded that Gee's alleged general injury was a specific injury, and that the effects of the injury are limited to his left leg. By trial amendment, Gee later alleged in the alternative that "the crushing injury to his left leg ... extended into and affected his body generally." The jury found for Gee under the amended plea and awarded him total and permanent disability benefits.

Prior to trial Liberty Mutual submitted interrogatories to Gee which, among other things, asked him to list all persons known to him to have any personal knowledge of the injury or the events immediately following it, and to name the expert witnesses that he planned to call at the trial. Gee responded to the first interrogatory by identifying two co-workers and his mother, Ms. Chrystal Polk. In response to the second, he named only Dr. Ruth Jackson. He never supplemented the responses.

In a pretrial conference, the district judge denied Liberty Mutual's motion in limine based on Tex.R.Civ.P. 215(5)[1] requesting the exclusion of testimony by any fact or expert witnesses not fully identified in Gee's answers to the interrogatories. During the trial, testimony by Dr. Joseph Emmite, Dr. Frank Wood, Mr. Robert Millford and Mrs. Elizabeth Cunningham was allowed into evidence.

■ Liberty Mutual contends that the court erred in admitting the testimony of Dr. Emmite, Dr. Wood, Mr. Millford, and Mrs. Cunningham because Gee failed to supplement his responses to include those persons. Though Liberty Mutual sought to have all unidentified witnesses excluded by its motion in limine, it only objected at trial to Dr. Emmite's and Mr. Millford's testimony. It did file a motion to exclude all previously unidentified witnesses under Rule 215(5), but the court never ruled on the motion. By failing to get a ruling on the motion or to object to Dr. Wood's and Mrs. Cunningham's testimony, Liberty Mutual waived any complaint except as to Dr. Emmite and Mr. Millford. Tex.R.App.P. 52.

■ While our Supreme Court has not addressed the exact situation we have before us in this case, the reasoning in *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297 (Tex. 1986), leads us to conclude that the district judge erred in admitting the testimony of Dr. Emmite and Mr. Millford. In *Morrow*, the court held that the provision of Rule 215(5) requiring exclusion of testimony by an unidentified witness is automatic. *Id.* at 297.

■ Gee suggests that the testimony was properly allowed because Liberty Mutual had previously deposed Dr. Emmite

and was not surprised by his testimony, and the testimony of Mr. Millford was cumulative only. The rule allows a "good cause" exception, but the burden rests on the offering party to make a positive showing of good cause. *Yeldell v. Holiday Hills Retirement & Nursing Center, Inc.*, 701 S.W.2d 243 (Tex.1985); *Walsh v. Mullane*, 725 S.W.2d 263, 264–65 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). In this case Gee never made or attempted to make a showing of good cause. While lack of surprise may show there is no good cause to *exclude* the testimony, that is not the test. It is incumbent upon the party offering the testimony to affirmatively show good cause to *include* the testimony. *Morrow v. H.E.B., Inc.*, 714 S.W.2d at 298.

Gee correctly notes that in *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439 (Tex. 1984), the Supreme Court upheld a ruling allowing expert testimony even though the offering party failed to name the expert in its response to interrogatories. The court reasoned that the trial court had the discretion to choose the kind of sanction to impose, and there was no abuse of discretion unless exclusion of the testimony was the only available effective remedy. *Id.* at 444. That case, however, was decided under the old rules, and the court expressly noted that the automatic exclusion provided by the 1981 amendment did not apply. *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d at 442, n. 3; *see also*, Kilgarlin & Jackson, *Sanctions for Discovery Abuse Under New Rule 215*, 15 St. Mary's L.J. 767 (1984). The 1981 amendment does apply to this case.

■ Nevertheless, Gee argues that the error in admitting the testimony of Dr. Emmite and Mr. Millford was harmless and not reversible error because the testimony was merely cumulative of other competent

---

1. Rule 215(5) provides:
   A party who fails to respond to or supplement his response to a request for discovery shall not be entitled to present evidence which the party was under a duty to provide in a response or supplemental response or to offer the testimony of an expert witness or of any

other person having knowledge of discoverable matter, unless the trial court finds that good cause sufficient to require admission exists. The burden of establishing good cause is upon the party offering the evidence and good cause must be shown in the record.

testimony, and its admission was not calculated to cause the rendition of an improper judgment, as required by Tex.R.App.P. 81 (formerly Rule 434). *Amoco Production Co. v. Alexander*, 622 S.W.2d 563, 571 (Tex.1981).

Gee used Dr. Emmite's and Mr. Millford's testimony to establish that the leg injury had extended into and affected his body (specifically his lower back) to cause total and permanent incapacity. Dr. Emmite is Gee's family doctor, and of the doctors who testified, he had the longest continuous relationship with Gee. The first time that Gee complained to a doctor of pain in his back appears in Dr. Emmite's records of his January 1985 appointment with Gee. Mr. Millford, Gee's uncle, testified about Gee's general physical health prior to the accident, during his hospital stay, and after his release from the hospital.

The duration of Dr. Emmite's relationship with Gee, as compared to the other medical experts who testified, distinguishes his testimony from theirs. Although the others testified about some of the same matters, Dr. Emmite's testimony further substantiated the issues, specifically the extension of pain to the back from the leg injury, that may have been questionable had only Dr. Jackson's or Dr. Wood's testimony been before the jury. In light of the extent of Dr. Emmite's relationship with Gee, and his testimony's probable enhancement of other medical testimony, we conclude that the admission of his testimony was not harmless error. *Williams v. Union Carbide Corp.*, 734 S.W.2d 699, 701 (Tex.App.–Houston [1st Dist.] 1987, writ ref'd n.r.e.); *Walsh v. Mullane*, 725 S.W.2d at 265.

■ Likewise, Mr. Millford's testimony was in part repetitive of other testimony that the jury was allowed to hear. It was, however, the only testimony that specifically detailed Gee's complaints about back pain early in his hospital stay and thereafter. The extent of Gee's injury was highly controverted, and one of Liberty Mutu-

al's most important arguments was that Gee had not suffered back pain until recently. In these circumstances, we must conclude that the admission of Mr. Millford's testimony was not harmless. *See Brewer v. Isom*, 704 S.W.2d 911, 912 (Tex. App.–Dallas 1986, no writ).

■ In view of the foregoing, it is not necessary to pass upon the other points of error except the one contending that there is no evidence to support the verdict. If that point were to be sustained, a rendition rather than a remand would be required. We have carefully examined the record, however, and we find there is some evidence to support the jury's finding.

For the reasons stated, the judgment is reversed and the cause is remanded for a new trial.

## ON MOTION FOR REHEARING

GRANT, Justice, dissenting.

I disagree with the majority's conclusion that testimony of Dr. Joseph Emmite and Robert Millford was not cumulative.

Dr. Emmite testified that he was not qualified to testify as to whether there was a connection between Gee's back injury and the injury involved in this case, which occurred in February of 1982. The issue of whether the leg injury had extended into and affected Gee's back was the main issue in controversy. Dr. Emmite further testified that Gee had not complained to him of pain in his back until November 4, 1985, which was more than three and a half years after the on-the-job injury. Although Dr. Emmite's treatment predates that of the other physicians testifying in this case, he testified that he did not treat Gee for a back injury. I find that Dr. Emmite's testimony does not add any significant evidence to that offered by the other medical experts.

Likewise, the testimony of Millford, who is Gee's uncle, is cumulative of the testimony of other relatives who testified that Gee was having back problems soon after the initial injury.

The erroneous admission of this evidence must still be considered under the standard set forth in Tex.R.App.P. 81. *Gutierrez v. Dallas Independent School District*, 729 S.W.2d 691 (Tex.1987). Thus, I find that the erroneous admission into evidence of Dr. Emmite's deposition and Millford's testimony was not reasonably calculated to cause and did not cause the rendition of an improper judgment.

The motion for rehearing should be granted and the judgment of the trial court should be affirmed.