JADE DRUG COMPANY, Cecilia V. Garcia and Vicky D. Rocha, Appellants,

v.

Armando VILLARREAL, Ind. d/b/a Casa Mando, Appellee.

No. 04–87–00447–CV.

Court of Appeals of Texas, San Antonio.

July 29, 1988.

Rehearing Denied Aug. 26, 1988.

**53**

Roger Rocha, Laredo, William F. Harmeyer, Houston, for appellants.

Jose Eduardo Pena, Pena, Pena, & Pena, Laredo, for appellee.

Before CADENA, C.J., and REEVES and CHAPA, JJ.

## OPINION

CHAPA, Justice.

This is an appeal from a court order setting aside a previously granted motion for a new trial. We affirm.

The sole issue before this Court is the propriety of the order setting aside the previously granted new trial.

Appellant, Jade Drug Company, filed suit against appellee, Armando Villarreal, seeking recovery on an alleged outstanding account. In conjunction therewith, certain property was attached. Appellee filed a counter-petition, seeking damages for wrongful attachment. On April 8, 1985, a jury returned a verdict favorable to the appellee.

No judgment was entered. On November 26, 1986, the court ordered a new trial on its own motion.

A new judge succeeded the trial judge who had ordered the new trial. On May 11, 1987, the new judge granted a motion setting aside the previously granted new trial, and the first judgment based on the jury verdict was finally entered. A subsequent motion for new trial was overruled by operation of law, and this appeal has been perfected only as to the propriety of the court order setting aside the previously granted new trial.

Appellant's complaint does not question the authority of the new judge to set aside the previous new trial order, or allege the new judge abused his discretion. Rather, appellant contends merely that the grounds set out in the motion to set aside are insufficient, and that consequently, the court order was improper.

The record before us is without a statement of facts of the pertinent hearing, findings of fact, or conclusions of law. As conceded by the appellee, the transcript only contains his motion to set aside which is couched on the grounds that (1) the former judge lacked jurisdiction to order a new trial in a term of court subsequent to the trial term, and (2) the former judge lacked jurisdiction and authority to grant a new trial on its own motion. Although these two grounds are not valid (TEX.R. CIV.P. 320 and 330), the question is nevertheless whether, under these circumstances, the appellant has complied with his burden of showing that the order setting aside the previously granted new trial was improper.

When a record contains no statement of fact, findings of fact, or conclusions of law, the judgment of the trial court must be affirmed if it can be upheld on any legal theory, and the trial court's judgment implies all necessary fact findings in support of the judgment. *Davis v. Huey*, 571 S.W.2d 859 (Tex.1978); *Goodyear Tire & Rubber Co. v. Jefferson Construction Co.*, 565 S.W.2d 916 (Tex.1978); *Buchanan v. Byrd*, 519 S.W.2d 841 (Tex.1975); *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609 (1950).

"[O]rdinarily presumptions are made in support of a judgment...." *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex.1965). When a presumption in favor of a judgment exists, an appellant has the burden of clearly and affirmatively showing his allegations by the record to overcome the presumption. *Alexander v. Russell*, 682 S.W.2d 370, 375 (Tex.App.—El Paso 1984), *rev'd on other grounds*, 699 S.W.2d 209 (Tex.1985); *Williams v. Holley*, 653 S.W.2d 639, 641 (Tex.App.—Waco 1983, writ ref'd n.r.e.); *Fenton v. Wade*, 303 S.W.2d 816, 817 (Tex.Civ.App.-Fort Worth 1957, writ ref'd n.r.e.). The burden is also on the appellant to bring forward a record that demonstrates the ruling of the trial court complained of was erroneous.

*Pruitt v. Morriss,* 517 S.W.2d 654 (Tex.Civ. App.–Tyler 1974, no writ).

"New trials may be granted and judgment set aside for good cause, on motion or on the court's own motion on such terms as the court shall direct." TEX.R. CIV.P. 320. Likewise, within the time prescribed by law, the trial judge has the same authority to set aside his order granting a new trial, and is not limited to the grounds in the motion. TEX.R.CIV.P. 329b. In this case, the trial judge acted within the time prescribed by law in setting aside the previous order.

Appellant has failed in its burden of providing this Court with a record that affirmatively shows that the court committed error in setting aside the previously granted new trial. *Pruitt v. Morris, supra.* Appellant has also failed to overcome the presumptions in favor of the court order in question, which sets out no specific reason for its being granted. *McKanna v. Edgar, supra.* Since the trial court had jurisdiction and authority to set aside the previous order (TEX.R.CIV.P. 329b), under these circumstances, this Court must uphold the court order regardless of the grounds stated in the motion to set aside. The order setting aside the previously granted new trial was proper. The point is overruled.

The judgment is affirmed.