**CITY OF SAN ANTONIO, Appellant,**

v.

**Gilbert Roland VELA, Appellee.**

**No. 04–87–00683–CV.**

Court of Appeals of Texas, San Antonio.

Dec. 7, 1988.

Rehearing Denied Dec. 30, 1988.

**316**

Paula Dlugosz, Asst. City Atty., San Antonio, for appellant.

W. Burl Brock, Catherine M. Stone, Watkins, Mireles, Brock & Barrientos, San Antonio, for appellee.

Before CADENA, C.J., and REEVES and CHAPA, JJ.

## OPINION

CHAPA, Justice.

Appellant, City of San Antonio, appeals an adverse judgment entered pursuant to a jury verdict in favor of appellee, Gilbert Roland Vela. The judgment resulted from a trial for personal injuries sustained by appellee as a result of an automobile collision.

The issues are

1) whether the trial judge committed reversible error in admitting the testimony of the appellee's three treating doctors;

2) whether the trial court committed reversible error in admitting the testimony of eyewitness Arturo Garza;

3) whether the trial judge committed reversible error in admitting testimony concerning lost wages;

4) whether the jury's award for loss of earnings in the past is supported by "no legally sufficient evidence";

5) whether the trial court committed reversible error in permitting appellee to testify regarding chest tumors experienced by him;

6) whether the jury's award for future medical expenses is supported by "no legally sufficient evidence."

The cause of action arose as a result of an intersectional collision between a vehicle in which appellee was a passenger, and a City of San Antonio Fire Department truck. Appellee received extensive injuries and was treated by numerous doctors, including Doctors Eichler, Villarreal–Rios, and Maniatis. Conflicting testimony was presented as to which vehicle had the green light, but eyewitness Arturo Garza testified that the fire truck had the red light. The jury found 5% negligence attributable

to Angela Ortiz, the driver of the vehicle in which appellee was a passenger, and 95% negligence attributable to the City. The City has appealed.

Initially, appellant contends the trial court committed reversible error in permitting the deposition testimony of appellee's treating doctors, Eichler, Villarreal–Rios, and Maniatis. Appellant argues that appellee's failure to supplement his answer to appellant's Interrogatory 21, violated TEX. R.CIV.P. 215(5).[1] We disagree.

▪ Appellant's Interrogatory 21 requested the following information:

21. Please identify anyone whom you have employed to be an expert witness in the trial of this law suit by stating that person's name, address, his field of expertise, and whether you expect to call him as a witness during the trial of this cause, including a summary of the subject matter concerning which he is expected to testify.

Response: None at this time.

It is uncontroverted that this response was never supplemented. However, appellant listed all three doctors in response to appellee's Interrogatory 5, which inquired about appellee's attending doctors. Oral depositions taken of the doctors with appellant in attendance reflected that all parties agreed the depositions could be used in trial as if the witnesses were present and testifying. Appellant also agreed that the depositions of the doctors on written questions could also be used in trial. Further, the medical records of the doctors were properly filed with accompanying affidavits before trial and were admitted without objection. The records reflected similar evidence to the doctor's testimony.

Nothing in the record reflects that the doctors were other than treating doctors for the appellant. Appellant therefore, correctly identified them as his treating doctors in answer to Interrogatory 5, and not as "employed experts" in Interrogatory 21.

▪ Further, even if Interrogatory 21 required supplementation to include the three doctors, the record justifies the trial judge finding good cause to permit admission.

"It must be presumed that the court gave consideration to all the facts and circumstances relating to the [admission of the testimony], and that he found that good cause had been shown." *Davis v. Dowlen,* 136 S.W.2d 900, 904 (Tex.Civ.App.—Beaumont 1939, writ dism'd judgmt cor.).

At the outset of the trial, the trial judge clearly recognized the need for him to find good cause in order to permit the testimony objected to. The record also shows that the trial judge was made aware by appellant of the need for finding good cause in order to permit the testimony of the doctors. It is likewise clear that appellee made the trial judge aware of all the reasons to find good cause. It can very reasonably be inferred the trial judge found good cause when he then overruled appellant's objection.

Appellant's objection was overruled in face of a record which reflected appellee had divulged the names and addresses of the three doctors in response to Interrogatory 5, oral depositions had been taken by both sides with an agreement that they could be used in trial, depositions on written questions had also been taken with the same stipulation, and the medical records of the doctors were properly admitted without objection. The record was clear that appellant was not surprised, and that good cause existed to admit the evidence. *Texas Employers' Ins. Assoc. v. Webb,* 660 S.W.2d 856, 858 (Tex.App.—Waco 1983, writ ref'd n.r.e.).

▪ Further, if error was committed it was harmless, since appellant permitted the medical record to be admitted without objection because "error in admission of testimony is deemed harmless if the object-

---

1. TEX.R.CIV.P. 215(5) at the time of this trial provided that testimony of witnesses not disclosed by interrogatory responses would be excluded, "unless the trial court finds that good cause sufficient to require admission exists."

The new rule 215(5), which took effect on January 1, 1988, adds the additional requirement that "[t]he burden of establishing good cause is upon the party offering the evidence and good cause must be shown in the record."

ing party subsequently permits the same or similar evidence to be introduced without objection." *Richardson v. Green,* 677 S.W.2d 497, 501 (Tex.1984).

Appellee's reliance on *Morrow v. H.E.B., Inc.,* 714 S.W.2d 297 (Tex.1986), *Yeldell v. Holiday Hills Retire. & Nursing,* 701 S.W. 2d 243 (Tex.1985), and *Liberty Mutual Fire Ins. Co. v. Gee,* 749 S.W.2d 883 (Tex. App.—Texarkana 1988, writ granted), is misplaced.

In *Morrow,* the Supreme Court held it was not abuse of discretion for the trial judge to exclude the testimony of a witness whose address had not been supplemented by the party who discovered the new address prior to trial where "no showing of good cause was made." The case before us is quite different in that the names and addresses of the doctors were furnished to the appellee, the trial judge admitted the testimony after apparently finding good cause, and the record supports a showing of good cause.

In *Yedell,* the Supreme Court held it was not abuse of the trial court's discretion to exclude the testimony of a witness whose name had never been disclosed in response to interrogatories inquiring about persons with knowledge of relevant facts, where no showing of good cause was made. The case before us is distinguishable in that the trial court admitted the testimony after apparently finding good cause, the names of the witnesses were disclosed properly in Interrogatory 5 as attending doctors, their depositions were taken with stipulations permitting their testimony during trial, and the record supports a showing of good cause.

In *Gee* (writ requested), the court of appeals found the trial judge abused its discretion in admitting the testimony of two doctors who were never listed in response to interrogatories inquiring about all persons with any personal knowledge of the injuries and all names of expert witnesses that would be called to trial. In holding the trial court erred, the court noted "[i]n this case Gee never made or attempted to make a showing of good cause." The case before us is distinguishable in that here the

witnesses were disclosed properly in Interrogatory 5 as treating doctors, depositions were taken of the witnesses with the stipulations permitting their testimony in trial, the trial judge admitted the testimony after apparently finding good cause, and the record supports a showing of good cause. The point is overruled.

■ Appellant next complains that the trial judge committed reversible error in admitting the deposition testimony of eyewitness Arturo Garza.

In Interrogatory 13, appellant requested the production of the names of persons who had given statements regarding the accident. Appellee responded "None at this time." However, in response to appellant's Interrogatories 11 and 12, requesting the names of eye witnesses to the accident and the persons having knowledge of any facts relating to the accident, appellee correctly named Arturo Garza and provided his address and telephone number. Although it was disclosed later at the deposition of Arturo Garza that he had in fact given a statement to appellee, Interrogatory 13 was not supplemented. Appellant argues that such a failure required the exclusion of Garza's testimony because there was not an affirmative finding of good cause by the trial judge stated in the record. We disagree.

Initially, we note the record contains the following as the only objection relevant to this issue:

THE COURT: All right. Ladies and gentlemen, I think it's been explained to you, but just so we are real clear, Mr. Garza's deposition was taken earlier under oath before the court reporter. It's now been typed up in booklet form and his testimony will be read to you with Mr. Byrom and Mr. Frigerio reading questions and Mr. Brock playing the role of Mr. Garza. And you may give this testimony the same weight or no weight or in between weight as you would as if Mr. Garza were here in person. Okay.

MR. FRIGERIO: Your Honor, before we start, just for purposes of the record, I would like to reurge my earlier motion

that I had regarding the motion to produce which was not produced under Rule 215, which matter was taken care of beforehand. I want to reurge that motion so it's not waived.

THE COURT: Okay. Overruled.

Appellant has failed to direct this Court to the record where the "matter was taken care of beforehand." Further, a search of the record fails to reveal that any motion to produce in this regard was ever filed, was ever heard by the court, and was ever ruled on by the court. The record therefore does not show that the trial judge was ever presented with a proper motion, proper arguments, or proper objections to rule upon. Thus appellant has failed to overcome the ordinary presumption in favor of a court's ruling (*Davis v. Dowlen, supra; see also McKanna v. Edgar,* 388 S.W.2d 927 (Tex. 1965)) and has failed in his burden of bringing forward a record that demonstrates the ruling of the trial court complained of was erroneous. *Jade Drug Co. v. Villarreal,* 756 S.W.2d 52 (Tex.App.—San Antonio 1988, writ denied); *Pruitt v. Morriss,* 517 S.W.2d 654, 655 (Tex.Civ.App.—Tyler 1974, no writ). The error is not properly preserved and presents nothing for review. *Lewis v. Texas Employers' Ins. Assn.,* 246 S.W.2d 599, 600 (Tex.1952); *Lamb County Appraisal District v. South Plains Hospital Clinic Inc.,* 688 S.W.2d 896 (Tex.App.—Amarillo 1985, writ ref'd n.r.e.); TEX.R. CIV.EVID. 103.

Assuming however, that the error was properly preserved, for all the various reasons set out in point of error one, the court's presumed finding of good cause to permit the testimony of Garza are justified by the record.

■ Appellant also contends Garza's testimony should not have been permitted because of alleged non-compliance with appellant's "oral motion to produce" a copy of Garza's statement to appellee. This contention is based on an oral request made by appellant during Garza's deposition for a copy of the statement.

However, appellant does not contend, and the record fails to reflect that any of the requirements of TEX.R.CIV.P. 167

were ever complied with. The record fails to show that a written motion was ever filed, ever served upon appellee, or ever presented to the court to rule upon. Further, although TEX.R.CIV.EVID. 611 permits production of such a statement when it has been used to refresh the memory of a witness, the record reflects Garza did not use it to refresh his memory and indicated he had misplaced it. Nothing is presented for review. *Lewis v. Texas Employers' Ins. Assn., supra.*

■ Further, the record reflects that the investigating police officer testified as to what Garza reported he saw at the scene without objection from appellant, which was compounded by appellant's introduction of the police report which likewise contained what Garza had reported to the police at the scene. Since this was similar to Garza's testimony, error if any, would be harmless. *Richardson v. Green, supra.* The point is overruled.

■ Appellant next contends that reversible error was committed when the trial court admitted testimony concerning lost wages. The claim arises from an allegation that appellee failed to supplement appellant's Interrogatory 16. We disagree.

Interrogatory 16 asks whether appellee would produce "every bill, statement or other document upon which [appellee] based [his] claim as to the amount of damages alleged for the *loss of property* ..." Appellee, however, did not allege loss of property or recover for such damage. This interrogatory is therefore irrelevant. Appellee nevertheless responded that he would produce the items requested in the interrogatory.

It is uncontroverted that appellee failed to produce any document pertaining to loss of property. Appellee, however, did attach to the interrogatories all requested documents pertaining to lost wages ("Employment Records Authorization" and "Income Tax Authorization"). These documents authorized the City to obtain the relevant information on lost wages. While the failure to supplement such an interrogatory may require the exclusion of testimony con-

**320**

cerning *loss of property,* we conclude that it does not warrant the exclusion of testimony concerning *lost wages,* particularly in this case where the relevant information was made available to the City. The point is therefore overruled.

■ Appellant next contends that there is "no legally sufficient evidence" to support the jury's award of $1,000.00 as damages for loss of earnings in the past.

In deciding a "no evidence" question, which is a question of law, we consider only that evidence and reasonable inferences therefrom which viewed in its most favorable light supports the jury finding and we must reject all evidence or inferences to the contrary. *Glover v. Texas General Indemnity Co.,* 619 S.W.2d 400, 401 (Tex. 1981).

Appellee testified that he missed at least one month of work as a result of the accident, and that missing one month of work meant more than $1,000.00 lost in wages. Applying the appropriate standard of review, we conclude that there is legally sufficient evidence to support the finding of the jury. The point is overruled.

■ Appellant next contends that the trial court committed reversible error in permitting appellee to testify regarding chest tumors experienced by him. Specifically, appellant argues that since the tumors were not causally connected to the accident by competent medical testimony, appellee's testimony regarding the injury was immaterial, inflammatory, prejudicial, and of no probative value. The record reflects, however, that appellant waived any such error. *Cf. Texas and Pacific Railway Company v. Nabhan,* 413 S.W.2d 432 (Tex.Civ.App.—Eastland 1967, writ ref'd n.r.e.); TEX.R.APP.P. 52(a).

Appellee testified without objection that following the accident he experienced pain and swelling in his arm and chest; that he was treated with some pain medication and anti-inflammatory drugs which were unsuccessful; that he was then treated with steroid injections; that growths developed in his chest where the steroid injections had been administered; that he had these growths surgically removed; and that at the time of trial the growths had returned.

After this testimony, the following transpired:

A: Okay. Now, Mr. Vela, you don't know yourself because you don't have any medical expertise as to whether these tumors were caused by the trauma or by the steroid injections or whatever?

[City attorney]: I'm going to object to that question. He has no medical expertise. He just said it to get it in front of the jury.

[City attorney]: Ask that the jury be instructed to disregard the last question. The jury's instructed to disregard the last question.

[City attorney]: Ask for a mistrial.

The Court: No.

This objection is insufficient to preserve any error in admitting the complained of testimony. The objection was directed at a specific question and not at the prior testimony. Further, the objection does not comport with appellant's argument on appeal. Moreover, the objection was sustained and the jury instructed to disregard the question. The point is overruled.

■ Appellant finally contends that there is "no legally sufficient evidence" to support the jury's award of $20,000 as damages for future medical expenses.

In considering the legal sufficiency of the evidence to support the award of future medical expenses, we must examine the record for any probative evidence which supports the finding and disregard all contrary evidence. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). *Glover v. Texas General Indemnity Co.,* 619 S.W.2d 400 (Tex.1981); *Hughett v. Dwyre,* 624 S.W.2d 401, 405 (Tex.App.—Amarillo 1981, writ ref'd n.r.e.).

Texas follows the 'reasonable probability' rule for future damage for personal injuries. *Powell [v. Underbrink],* 499 S.W.2d [206] at 211 [ (Tex.Civ.App.—San Antonio 1973) ]; *V.J. Keefe, Inc. [v. Huddleston],* 459 S.W.2d [224] at 229 [ (Tex.Civ.App.—Beaumont 1970) ]; and *Fisher. [Fisher v. Coastal Transport Co.,* 149 Tex. 224, 230 S.W.2d 522

(1950)]. Adhering to the 'reasonable probability' rule, the Texas courts have also consistently held that the award of future medical expenses is a matter primarily for the jury to determine. No precise evidence is required. The jury may make its award based upon the nature of the injuries, the medical care rendered before trial, and the condition of the injured party at the time of trial. *Armellini Exp. Lines of Florida v. Ansley,* 605 S.W.2d 297, 311 (Tex.Civ.App.— Corpus Christi 1980, writ ref'd n.r.e.); *Thate v. Texas P. Ry. Co.,* 595 S.W.2d 591, 601 (Tex.Civ.App.—Dallas 1980, no writ). *Pride Transport Co., Inc. v. Hughes,* 591 S.W.2d 631, 633 (Tex.Civ. App.—Eastland 1979, writ ref'd n.r.e.); *Jackson v. Associated Developers of Lubbock,* 581 S.W.2d 208, 214 (Tex.Civ. App.—Amarillo 1979, writ ref'd n.r.e.); *City of Houston v. Moore,* 389 S.W.2d 545 (Tex.Civ.App.—Houston 1965, writ ref'd n.r.e.); *Edens–Birch Lumber v. Wood,* 139 S.W.2d 881 (Tex.Civ.App.— Beaumont 1940, dism'd judg. corr.).

As stated in *Edens–Birch* at 887:

The jury had the right to take the nature and extent of her injuries and her progress toward recovery under the treatment she had received, and the reasonable cost of her medical and hospital treatment in the past, her physical condition at the time of the trial, and estimate the necessity for medical and hospital treatment in the future, and the reasonable cash value of such future medical treatment and hospital expense.

The pragmatic effect of *Edens–Birch* and its progeny is that to sustain a finding on future medical expenses, the plaintiff is not required to establish the future medical consequences of his injury by expert medical testimony grounded on 'reasonable medical probability.' Conversely, when there is expert medical testimony concerning the future consequences of the party's injuries, the jury is not necessarily bound by such testimony.

*Hughett v. Dwyre, supra* at 405.

In general, a witness need not be an expert in medical matters to state an opinion as to his own physical health. *See* 2 Ray, Texas Law of Evidence § 1427 (3rd ed. 1980); *Republic Bankers Life Insurance Company v. Morrison,* 487 S.W.2d 373 (Tex.Civ.App.1972, no writ); *Security Mutual Casualty Company v. Turner,* 457 S.W.2d 305 (Tex. Civ.App.1970, no writ); *Life & Casualty Insurance Company of Tennessee v. Rivera,* 420 S.W.2d 788 (Tex.Civ.App. 1967, no writ).

*Gerland's Food Fair, Inc. v. Hare,* 611 S.W.2d 113, 119 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e..

In making its award as to future medical expenses, the jury here had the right to consider:

1) that the injuries sustained by appellee in the accident required immediate emergency treatment at a hospital;

2) that appellee's condition required that he be transferred to another hospital where he received extensive treatment for several days;

3) the medical testimony of doctors, Eichler, Villarreal–Rios, and Maniatis as to the extensive injuries sustained by the appellee;

4) appellee's testimony pertaining to the pain and suffering he experienced in the past because of his numerous injuries;

5) the several surgeries through which appellee had to suffer due to his injuries;

6) the extent of the injuries suffered by appellee to his eye, face, jaws, teeth, chest, hip, and kidney;

7) the medical treatment in the past for all the injuries sustained by the appellee;

8) the amount of the past medical and hospital bill incurred by the appellee for the injuries sustained;

9) the evidence of recurring medical problems involving the injuries suffered by the appellee which continued to the time of the trial; and

10) appellee's testimony as to his present condition and slow recovery as to some aspects of his injuries.

Applying the appropriate standard of review, we conclude that the evidence is legally sufficient to support the jury's finding as to future medical expenses. *Glover, supra; Hughett, supra.* The point is overruled.

THE JUDGMENT IS AFFIRMED.

CADENA, Chief Justice, dissenting in part.

I do not uphold the award of $20,000.00 for future medical expenses.

The jury awarded $4,143.25 for past medical expenses which include treatment for all of the complaints listed in the majority opinion. The medical testimony conclusively establishes that the laceration of the right eyelid has healed and that no further treatment will be required. The same is true of the abrasions and contusions on his face and other parts of his body, including the bruised chest wall and bruised hip. The bruised kidney has completely healed. No further treatment or hospitalization will be required for these injuries. The various x-rays and clinical tests which were required in order to determine the extent of his injuries will not have to be repeated.

Even if we accept plaintiff's self-diagnosis concerning the recurrence of the growths on his chest, there is no evidence indicating that further surgery will be required; that such surgery will require hospitalization; that the cost of such surgery and hospitalization will be $20,000.00; and that such anticipated charges represent the reasonable cost of such medical attention, surgery and hospitalization. The only other medical attention which may be required consists of possible replacement of the plastic appliance, commonly called a "night guard", should such device be lost or broken.

The total charge for the services rendered by Dr. Maniatis, the dentist who treated plaintiff and fitted him with the night guard, was $792.00. This sum included the charge for the plastic appliance ($395.00) and the cost of replacing it after, according to plaintiff, it had broken. The bill submitted by the dentist indicated that the cost of replacing the appliance was $160.00. The dentist testified that, "basically", patients require only one night guard unless it breaks. The record shows that the device was given to plaintiff on February 16, 1984, and replaced on March 10, 1986.

As far as the chest "tumors" are concerned, plaintiff testified that following the accident he experienced pain and swelling in the arm and chest and that, after treatment with pain-relieving and anti-inflammatory drugs produced no relief, he received steroid injections. Subsequently, growths appeared on his chest where the injections had been administered. According to plaintiff, these growths were surgically removed, but, at the time of trial, had returned.

There is no evidence concerning the cost of the surgical removal of the growths from plaintiff's chest. The only evidence that such surgery took place is found in plaintiff's testimony. There is no testimony identifying the surgeon. The only evidence relating to treatment of the chest problems suggests that plaintiff was treated by Dr. Reyna, whose charges totalled $130.00.

The evidence contained in the record furnishes no basis for an award of $20,000.00 for future medical expenses.

It is true that in *Hughett v. Dwyre,* 624 S.W.2d 401, 405 (Tex.App.—Amarillo 1981, writ ref'd n.r.e.), the Court said that "[n]o precise evidence" concerning future medical expenses "is required", and "to maintain a finding on future medical expenses the plaintiff is not required to establish the future medical consequences of his injury by expert medical testimony grounded on reasonable medical probability."

Statements that no precise evidence is required and that plaintiff need produce no expert testimony based on reasonable probability concerning the "future medical consequences of his injury" cannot be stretched to justify the conclusion that no evidence concerning future medical expenses is required.

There can be no disagreement with the statement that the award of future medical

expenses is primarily for the jury to determine. The *Hughett* opinion was breaking no new ground when it made this announcement concerning the functions of a jury. The statement that the award may be based on "the nature of the injuries, the medical care rendered before trial, and the condition of the injured party at the time of trial" should not, in an unseemly rush to judgment, be considered entirely without regard to the circumstances in the case in which such statement was made.

The *Hughett* language relied on by the majority was uttered in a case in which the court addressed the issue of whether a plaintiff must establish future medical expenses according to a standard of reasonable probability or possibility. The specific point of error which was addressed in *Hughett* was based on the argument that the testifying physician's "ballpark figures" were insufficient. *Id.* at 405. The Court was merely making the obvious point that testimony regarding future medical expenses cannot be exact and absolute. Stated differently, such testimony cannot be "precise" any more than any attempt to predict the future can be precise.

The majority completely loses sight of the fact that in *Hughett* plaintiff presented testimony by a physician concerning the amount of future medical expenses anticipated. *Id.* at at 408. There is no such testimony in this case, either from a doctor or from any other person. It is significant that in the three cases quoting the language which the majority relies on, plaintiff presented testimony concerning the reasonableness of the anticipated future medical expenses. *Gladewater Municipal Hospital v. Daniel*, 694 S.W.2d 619, 621 (Tex.App.—Texarkana 1985, no writ); *Thrailkill v. Montgomery Ward and Company*, 670 S.W.2d 382, 384 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.); *Keller Industries v. Reeves*, 656 S.W.2d 221, 227 (Tex.App.—Austin 1983, writ ref'd n.r.e.)

The truth is that in no case, not even in *Hughett*, has a Texas court upheld an award of future medical expenses where there is no evidence whatsoever concerning the need for future medical attention nor the reasonable cost of such attention.

According to *Hughett* the award of future damages may be based upon the nature of the injuries, the medical care rendered before trial, and the condition of plaintiff at the time of trial. Insofar as the nature of the injuries is concerned, all injuries, with the possible exception of the chest tumors and the injury to the jaw which required the night guard, had completely healed at the time of trial. Treatment of these injuries required medical and hospital attention totaling only $4,143.25 as of the date of trial. This sum included the cost of two appliances or night guards. It is simply not true that the evidence shows that the night guard would have to be "continuously replaced." The only evidence which can possibly be related to the treatment of plaintiff's chest condition consists of Dr. Reyna's charge of $130.00.

As already pointed out, there is no evidence of the cost of surgery for the removal of the chest tumors. This fact was admitted by plaintiff's attorney when, in his argument to the jury when he said, "We have not submitted any medical bills to you for "the removal of the masses from the chest" because we don't want there to be any question ...".

The argument that an award of $20,000.00 for future treatment finds support in a past dental bill for $792.00 and a bill for $130.00 for, perhaps, past treatment of chest pains, will support an award of $20,000.00 is totally unpersuasive.

As the Amarillo Court recognized in *Hughett*, Texas has always followed the rule that recovery for future damages must be limited to damages which will reasonably and probably result from the injury sustained. *See Fisher v. Coastal Transport Co.*, 149 Tex. 224, 230 S.W.2d 522 (1950).

In *Dallas Railway & Terminal Company v. Gossett*, 294 S.W.2d 377 (Tex.1956), the plaintiff argued that evidence showing the nature of the injuries, the character of the treatment received and the amounts charged for such treatment permitted an inference that such charges were reason-

able. In rejecting this argument the Texas Supreme Court said:

> In some jurisdictions proof of the expenses incurred or paid for the treatment of personal injuries is regarded as presumptive evidence of the reasonable value of the services, provided the unreasonableness of the charges does not appear from other evidence. This rule has never been followed in Texas, and it is now well-settled that proof of amounts charged or paid does not raise an issue of reasonableness, and recovery of such expenses will be denied in the absence of evidence showing that the charges are reasonable.

*Id.* at 382–83. The court reversed a judgment. *See Gerland's Food Fair, Inc. v. Hare*, 611 S.W.2d 113, 117 (Tex.App.— Houston [1st Dist.] 1980, writ ref'd n.r.e.), (reversing a judgment for past and future medical expenses in the absence of evidence that the charges paid were reasonable). "Without such a showing the expenses are not recoverable." *Id.* at 117.

I would reform the judgment by deleting the award for future medical expenses.