CONCURRING OPINION



No. 04-03-00673-CV



Ernesto Camilo TAGLE and Triple R Trucking, Inc.,


Appellants



v.



Ricardo GALVAN,


Appellee



From the 229th Judicial District Court, Starr County, Texas


Trial Court No. DC-00-304


Honorable Alex W. Gabert, Judge Presiding



Opinion by: Alma L. López, Chief Justice

Concurring opinion by: Phylis J. Speedlin, Justice


Sitting: Alma L. López, Chief Justice

 Sarah B. Duncan, Justice, concurring in the judgment

 Phylis J. Speedlin, Justice


Delivered and Filed: December 1, 2004 

 I concur in the judgment only, because I agree with the majority's conclusion that Tagle and
Triple R did not make the trial court aware in a timely and plain manner that they were requesting
separate damage awards for purposes of evidentiary review. See Harris County v. Smith, 96 S.W.3d
230, 236 (Tex. 2002). Since we do not know what amount the trial court awarded for any of the ten
damage elements included in the two million dollar award, a meaningful review of the sufficiency of
the evidence is extremely difficult. Greater Houston Transp. Co., Inc. v. Zrubeck, 850 S.W.2d 579,
589 (Tex. App.-Corpus Christi 1993, writ denied). In light of this record and the evidence presented,
I agree with the majority's conclusion that the evidence is legally and factually sufficient to support
the damage award.

 

 I write separately because of the majority's heavy reliance on City of San Antonio v. Vela, 762
S.W.2d 314 (Tex. App.-San Antonio 1988, writ denied). As Chief Justice Cadena cautioned in his
dissent in Vela, no Texas court has ever upheld an award of future medical expenses "where there
is no evidence whatsoever concerning the need for future medical attention nor the reasonable cost
of such attention." Id. at 323 (Cadena, C.J., dissenting). Texas instead follows the "reasonable
probability rule," which in this context simply means that evidence must be presented that damages
would "reasonably and probably result from the injury sustained." Fisher v. Coastal Transp. Co., 149
Tex. 224, 230 S.W.2d 522, 523 (Tex. 1950). The injured party seeking recovery of future damages
must: "(1) present evidence that, in reasonable probability, it will incur expenses in the future, and
(2) prove the probable reasonable amount of the future expenses." MCI Telecomm. Corp. v. Texas
Util. Elec. Co., 995 S.W.2d 647, 654-655 (Tex. 1999). Obviously, as Chief Justice Cadena wrote,
"testimony regarding future medical expenses cannot be exact and absolute ... any more than any
attempt to predict the future can be precise." Vela, 762 S.W.2d at 323 (Cadena, C.J., dissenting).
This, however, does not obviate the need for some evidence. Id. If the parties had preserved error
and properly presented the issue on appeal, I would be hard pressed to find sufficient evidence in this
record to support damages for future medical expenses.

 Phylis J. Speedlin, Justice