In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-00248-CR


____________________



DAVID LEE VERDINE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 128th District Court


Orange County, Texas


Trial Cause No. A-080094-R






 MEMORANDUM OPINION


 David Lee Verdine pled guilty, without a plea agreement, to the aggravated sexual
assault of a child less than fourteen years of age. The trial court sentenced him to life in
prison. In one issue, Verdine contends that he received ineffective assistance of his counsel
at the punishment phase. We affirm.



Standard of Review

 Appellate courts review claims of ineffective assistance of counsel under the standards
set out in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984). The defendant must show his counsel's performance was deficient and that the
deficient performance prejudiced his defense. Id.; Bone v. State, 77 S.W.3d 828, 833 (Tex.
Crim. App. 2002). To show deficient performance, the defendant must prove by a
preponderance of evidence that his counsel's representation fell below the objective standard
of professional norms. Bone, 77 S.W.3d at 833. To show prejudice, the defendant must
demonstrate a reasonable probability that, but for his counsel's unprofessional representation,
the result of the proceeding would have been different. Id. 

 "Judicial scrutiny of counsel's performance must be highly deferential." Strickland,
466 U.S. at 689. The defendant has the burden of overcoming the strong presumption that
an attorney's actions were sound trial strategy. Id. An allegation of ineffective assistance
must be firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). 
"[T]he record on direct appeal is usually undeveloped and inadequately reflective of the
reasons for defense counsel's actions at trial." Mata v. State, 226 S.W.3d 425, 430 (Tex.
Crim. App. 2007) (footnote omitted). Therefore, the record on direct appeal will generally
not be sufficient to show that the trial counsel's representation was so deficient and so
lacking as to overcome the presumption that counsel's representation was reasonable and
professional. Bone, 77 S.W.3d at 833. If the record is silent regarding trial counsel's
strategy, we "will not conclude the challenged conduct constituted deficient performance
unless the conduct was so outrageous that no competent attorney would have engaged in it." 
Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

Background

 During the punishment phase of the trial, the State called the child's aunt, L.H., as
a witness. In response to a broad question that inquired about whether the child had any
problems after the child had moved in with her following the assault, L.H. testified that the
child had several problems at home and at school. L.H. then further explained and testified
that these problems included chronic posttraumatic stress syndrome, confrontations at school,
and suicidal thoughts. L.H. stated that she had taken the child to two medical facilities and
further explained that the child was attending treatment at both. During the State's
examination, Verdine's counsel objected to various parts of the aunt's testimony and then
briefly cross-examined her, but he did not object to the initial broad question about whether
the child had suffered from any problems or to L.H.'s response to that particular question. 

 Verdine's counsel presented one witness, Verdine's mother, H.V., during the
punishment phase of the trial. H.V. testified that as a child, Verdine had not had a
relationship with his father, had gone in and out of reform school, and had gone to prison. 
She stated that Verdine seemed sorry over what had happened. H.V. asked the court to be
lenient with her son. H.V., who had been the assaulted child's caretaker prior to the child
moving in with L.H., also testified that in her opinion, the child did not desire that Verdine
spend the remainder of his life in prison. During her cross-examination by the State's
attorney, over objections, H.V. acknowledged that she had allowed Verdine to live with her
after his release from prison despite his being a registered sex offender. H.V. also testified
that after his release from prison on a prior occasion, Verdine had gotten a job and assisted
her financially.

Analysis

 Verdine argues his counsel was ineffective at the punishment phase because he did
not present enough mitigation evidence and he allowed the admission of certain testimony
from L.H, the child's aunt, without objection. For claims of ineffective assistance of counsel
that are based on a claim of admitting evidence without objection, a defendant must show,
as part of his claim, that the evidence was inadmissible. Ortiz v. State, 93 S.W.3d 79, 93
(Tex. Crim. App. 2002). Specifically, Verdine complains that L.H. testified to certain
diagnoses of the child "that she was not qualified to testify about."

 After reviewing the record and considering L.H.'s testimony occurred in response to
the State's broad question about whether the child was experiencing any problems, it does
not appear that the trial court would have considered the testimony as expert testimony. 
Rather, the trial court, under the circumstances presented here, would have properly
perceived the testimony as lay testimony provided by the aunt, who lived with and cared for
the child while personally observing the child's actions. See Tex. R. Evid. 701; see also City
of San Antonio v. Vela, 762 S.W.2d 314, 321 (Tex. App-San Antonio 1988, writ denied)
(stating that generally, a witness need not be a medical expert to state an opinion about his
own physical health). Thus, regarding Verdine's assertion in his brief that his "[c]ounsel did
nothing to prevent this evidence from being introduced before the Court[,]" we conclude that
Verdine's trial counsel was not ineffective in providing assistance to Verdine because he did
not object to L.H's lay opinion testimony concerning what she perceived to be problems the
child had experienced since the assault. Additionally, the record shows that when L.H. was
asked about what the child's medical providers had said, Verdine's trial counsel lodged 
hearsay objections that were sustained.

 With respect to Verdine's argument that his counsel should have presented more
mitigation evidence, the record does not show that additional mitigation evidence existed,
reflect what the mitigation evidence might have shown, or identify any specific additional
witnesses who might have been called to testify on Verdine's behalf. Thus, the record does
not affirmatively demonstrate the alleged ineffectiveness of counsel, and Verdine has not
overcome the presumption that counsel acted pursuant to sound trial strategy. 

 Appellate courts examine all the facts and circumstances involved in a case and "must
be highly deferential" to trial counsel and avoid the "distorting effects of hindsight[.]"
Strickland, 466 U.S. at 689-90; Thompson, 9 S.W.3d at 813 (citing Ingham v. State, 679
S.W.2d 503, 509 (Tex. Crim. App. 1984)). Based on the totality of the representation and
the particular circumstances of this case, we conclude Verdine has not met his burden of
establishing ineffective assistance of counsel, or that the complained-of conduct is of a type
that no reasonably competent defense attorney would have engaged in for any reason. See
Mata, 226 S.W.3d at 428-29; Thompson, 9 S.W.3d at 813. We overrule Verdine's appellate
issue and affirm the trial court's judgment. 

 AFFIRMED.


 ______________________________

 HOLLIS HORTON

 Justice


Submitted on July 1, 2009

Opinion Delivered July 15, 2009

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.