Leroy DURHAM, Appellant,

v.

T. J. WARDLOW, Appellee.

No. 7595.

Court of Civil Appeals of Texas.

Amarillo.

March 21, 1966.

Rehearing Denied April 18, 1966.

Morehead, Sharp, Boyd & Tisdel, Plainview, Robert Gibbins, Jr., Plainview, of counsel, for appellant.

LaFont, Tudor, Tunnell, Formby & Reep, Plainview, Bill LaFont, Plainview, of counsel, for appellee.

NORTHCUTT, Justice.

The appellee, T. J. Wardlow, sued the appellant, Leroy Durham, for property damages allegedly arising when appellant struck appellee's parked vehicle. Appellee's car was parked in a parking lane facing west on West Fifth Street in the City of Plainview. Appellant was driving his car on West Fifth Street and proceeding in a westerly direction when he ran into appellee's car and caused the alleged damages. It is not denied that appellant ran into the appellee's car and damaged it. The only real issue here involved is whether appellant should be excused from running into the car because of his physical condition at the time of the accident. In other words, was his condition such as to determine that his acts could not be considered as constituting negligence? Appellant pleaded the collision in question was an unavoidable accident and the only reason under this record to hold it was an unavoidable accident would be because of appellant's condition at the time.

The case was submitted to a jury upon special issues. We are of the opinion under the undisputed record in this case that the only issue here involved is in connection with Special Issues Nos. 2, 2–a, 2–b, and 4. The jury found in answer to Issue 2 that appellant was attempting to drive his automobile at the time and on the occasion in question when, and in the exercise of ordinary care, he knew, and should have known that he was not physically able to drive his car. Then in answer to Issues 2–a and 2–b that such was negligence and a proximate cause of the collision. In answer to Special Issue No. 4 the jury found the collision was not the result of an unavoidable accident. Upon the verdict of the jury judgment was granted in favor of appellee for the sum of $400 and from that judgment appellant perfected this appeal.

Appellant presents this appeal upon twenty-eight points of error. We will first consider Points 7–15, both inclusive, which deal with Special Issues 2, 2–a, and 2–b. It being the contention that there was no evidence authorizing the submission of these issues nor to sustain the jury's answer thereto and that the jury's answers thereto were so contrary to the great weight and preponderance of the evidence as to be manifestly unjust. In considering the contention of no evidence we must consider whether there is any evidence of probative value which with the inferences that may be properly drawn therefrom will reasonably support the verdict of the jury. The jury were the judges of the facts proved and also the inferences drawn therefrom, provided such inferences were not unreasonable. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273; Lockley v. Page, 142 Tex. 594, 180 S.W.2d 616.

Appellant did not appear in court nor in any manner testify in this case. There was evidence that appellant stated he had a radio-telephone in his car and had talked to another person that morning; that he had felt badly that day and he thought he should come in; that he knew that he should stop and call his wife and tell her to come and get him; that he knew that he was that sick but that he did not call her as he thought he might get home without having to put his wife to that trouble; he knew he would have to drive through Plainview in going home but thought he might make it as he realized then he should have taken precautions to do that. There was other evidence concerning this matter. We overrule appellant's Points 7–15, both inclusive, as to there being no evidence.

In considering appellant's Points 7–15, both inclusive, as to the answers of the jury to Issues Nos. 2, 2–a and 2–b being so contrary to the great weight and preponderance of the evidence as to be manifestly unjust, we must consider and weigh all of the evidence in the case and to set aside the verdict and remand the cause for

a new trial if the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. We cannot say that the verdict as to these issues is so against the great weight and preponderance of the evidence as to be manifestly unjust and overrule appellant's Points 7–15, both inclusive.

 By appellant's first six points of error it is contended the court erred in submitting the issue as to whether appellant failed to bring his car to a stop before it struck appellee's car and if the same was negligence and a proximate cause of the damage. The amount of damages is undisputed. It is also undisputed that appellant did not stop his car before striking appellee's car. Naturally, that would be negligence and a proximate cause of the injury unless for some reason appellant be relieved of such negligence. We overrule all of appellant's first six points of error.

 Appellant's points of error 16, 17 and 18 complain of the findings of the jury as to unavoidable accident. The sole reason relied upon by appellant that constituted an unavoidable accident was that appellant had a blackout or a heart attack prior to striking appellee's car. We think the answer to Special Issue 2 and the record concerning that issue as above discussed is sufficient to say we find no error in the holding of the jury that the acts here involved did not constitute an unavoidable accident. We overrule appellant's points of error 16, 17 and 18.

 As to appellant's contention of reversible error because of the closing argument made by appellee's attorney where he stated that appellant wanted appellee's damages paid as injecting insurance into the cause and appellant offering to settle the case, we cannot agree under this record such argument constituted reversible error. The undisputed record shows appellant ran into appellee's car and damaged it. The amount of damages was undisputed. In our opinion the argument was improper, but was not reversible error under the circumstances. We cannot say that the errors complained of were reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in the case. Rule 434, Texas Rules of Civil Procedure; Walker v. Texas Employers' Ins. Ass'n, 155 Tex. 617, 291 S.W.2d 298.

We have carefully considered all of appellant's points of error and overrule all of them. Judgment of the trial court is affirmed.