Bob Fred HARVEY, Appellant,

v.

David CULPEPPER, Appellee.

No. 13–90–231–CV.

Court of Appeals of Texas,
Corpus Christi.

Dec. 20, 1990.

Rehearing Overruled Jan. 24, 1991.

Bob J. Spann, Spann & Smith, Corpus Christi, for appellant.

Kenneth R. Hannam, Rene Luna, Mahoney, Shaffer & Layton, Corpus Christi, for appellee.

Before NYE, C.J., and KEYS and SEERDEN, JJ.

## OPINION

KEYS, Justice.

David Culpepper, appellee, instituted a negligence action for damages arising out of a rear-end automobile collision in Corpus Christi, Texas. Appellant, Bob Fred Harvey, claims his diabetic condition caused him to unforeseeably blackout while driving immediately before the accident. The jury found appellant negligent and assessed damages at $150,000.00. From the judgment on this verdict, he appeals.

Appellant is a diabetic. Maintenance of proper levels of blood sugars is crucial for such persons. This is accomplished through a strict program of exercise, diet, and insulin injections. If the level of blood sugars drops below a certain level a diabetic may suffer mental impairment, including a blackout. Quite often a hypoglycemic episode during which a diabetic may blackout is preceded by certain symptoms, including feelings of illness; however, these

episodes may have no warning at all. Appellant blacked out only once before the day of the collision. This occurred several years before the collision while he was in his doctor's office.

The collision occurred at the intersection of Ocean Drive and Roberts. Appellee, the driver of a truck, was waiting for a traffic light to change when appellant struck him from the rear. There were no eye witnesses. After the collision, appellant was alert and talked to the police and ambulance drivers. Appellee received serious back injuries. Appellant can remember nothing that occurred before the accident. Records indicate that he left work feeling ill, however, he has no recollection.

Appellant was taken to the hospital after the collision. His blood sugar level was 37, very low. He was diagnosed as suffering from a concussion. Appellee went to see his doctor after the collision. He was experiencing pain in his back and neck. He was diagnosed as suffering from back and neck injuries. In 1989 he reinjured his back while bending over to pick up a piece of pipe at work.

■■■ Appellant raises twelve points of error. By his first and second points of error, appellant complains of the legal and factual sufficiency of the jury's verdict finding him negligent. He argues that the evidence established that he was incapacitated when the collision occurred and that his incapacitation was unforeseeable. We review these points under the well-established no evidence and insufficient evidence standards.[1]

■■ Unforeseeable incapacity as a bar to liability in negligence is based on the principle that one is not negligent if an unforeseeable occurrence causes an injury. Under traditional negligence theory, it follows that appellant is not negligent if he was incapacitated before the collision, the inca-

pacity caused the collision, and his incapacitation was not foreseeable. *First City Nat'l Bank v. Japhet*, 390 S.W.2d 70, 72 (Tex.Civ.App.—Houston 1965, writ dism'd). The technical basis for this defense may be expressed in terms of both causation and duty: incapacity is the intervening cause of the collision, and there is no duty to guard against incapacity because it is unforeseeable. *See generally* Annotation, *Liability for Automobile Accident Allegedly Caused by Driver's Blackout, Sudden Unconsciousness, or the Like*, 93 A.L.R.3d 326 (1979).

The jury found that appellant was negligent. The implication of the verdict is the collision was not caused by appellant's unforeseeable incapacity. There was sufficient evidence to support this implied finding.

Expert testimony showed that a diabetic must properly maintain his or her blood sugar level through diet, exercise, and insulin injections, and that failure to do so may result in deficiencies in mental performance, including blackout. One exhibit indicated that before the collision appellant left work because he was not feeling well. Thereafter he remembered nothing. A medical exhibit indicated that his blood sugar level following the collision was 37. Expert testimony indicated that this was very close to the level at which mental impairment, including a blackout, is expected. Under these circumstances, the jury could have found his feelings of illness was a warning of a hypoglycemic episode and of a subsequent blackout.

In *Durham v. Wardlow*, 401 S.W.2d 372, 373 (Tex.Civ.App.—Amarillo 1966, no writ), the driver of a vehicle blacked-out while driving through Plainview. He argued unforeseeable incapacitation as a defense.

---

1. The scope of review for a no evidence point encompasses all the evidence and reasonable inferences which tend to support the finding of fact, and no other evidence. *Lewelling v. Lewelling*, 796 S.W.2d 164 (Tex.1990). The no evidence standard of review requires us to overrule the point if, viewing the evidence and inferences in the light most favorable to the finding, there is any evidence of probative force to support the finding. *Id.* On the other hand, the scope of review for an insufficient evidence point encompasses all the evidence which supports and contradicts the finding. *Plas–Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex.1989). The insufficient evidence standard requires us to sustain this point only if the evidence supporting the finding is so weak, or so against the great weight and preponderance of the evidence to be manifestly wrong and unjust. *Id.*

However, the evidence indicated he felt sick earlier in the day. The jury found the driver was negligent. The court overruled the driver's legal and factual sufficiency points of error, implicitly finding factually sufficient evidence that it was foreseeable to a reasonable person that he would blackout and cause an collision. *Id.*

We hold that the evidence that appellant was feeling ill prior to the collision was legally and factually sufficient to support the jury's finding of negligence. *See Durham*, 401 S.W.2d at 373. Points of error one and two are overruled.

By appellant's third through ninth points of error, he complains that the amount of damages the jury awarded was improper. We review these contentions under the well-established no evidence and insufficient evidence standards. *See* note 1 *supra; Cf. Larson v. Cactus Utility Co.*, 730 S.W.2d 640, 641 (Tex.1987) (legal and factual sufficiency standards apply to review of damage awards); *International Armament Corp. v. King*, 674 S.W.2d 413, 419 (Tex.App.—Corpus Christi 1984), *affirmed on other grounds*, 686 S.W.2d 595 (Tex. 1985). In addition, we measure the evidence supporting each finding by standards of review particular to each kind of recovery. *See e.g. Tri–State Motor Transit Co. v. Nicar*, 765 S.W.2d 486, 491–93 (Tex.App. —Houston [14th Dist.] 1989, no writ) (applying standards for loss of past earnings, future earning capacity, and past and future physical impairment).

■ Appellant's third point complains of the legal and factual sufficiency of the evidence supporting the jury's finding of $8000.00 of past medical expenses. The evidence showed appellee's past medical expenses were $7939.52. Appellant claims this sum includes a $1091.92 item that was double-billed. We have reviewed the record and can find no evidence that this item was indeed double-billed. Appellant's third point of error is sustained to the extent that it is excessive in the amount of $60.48.

■ Appellant's fourth and fifth points of error challenge the jury's award of $25,000.00 in future medical expenses.

The award of future medical expenses is within the discretion of the jury provided there is a reasonable probability that the expenses will be incurred. *City of San Antonio v. Vela*, 762 S.W.2d 314, 321 (Tex. App.—San Antonio 1988, writ denied); *Armellini Exp. Lines v. Ansley*, 605 S.W.2d 297, 311 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). The jury may make its award based on the nature of the injuries, the medical care rendered prior to trial, and appellee's condition at trial. *Vela*, 762 S.W.2d at 321. However, as the dissent in *Vela* points out, this standard of review is not so nebulous that a reviewing court will uphold a jury award for future medical expenses when there is no evidence. *Id.* at 322.

In the instant case, appellee's medical doctor stated that in a reasonable medical probability appellee was not a surgical candidate. He stated that a lumbar laminectomy could be performed in the future, and it would cost $7000.00 to $8000.00. A chiropractor testified that appellee was a surgical candidate. He did not identify the kind of surgery required or the cost because he stated he was not qualified to give an opinion on such matters. On this record, no evidence showed to a reasonable medical probability that appellee would require a lumbar laminectomy. Moreover, the jury was left to speculate regarding the kind of surgery proposed by the chiropractor, and the cost. We will not affirm an award of future medical expenses based on speculation. *Roth v. Law*, 579 S.W.2d 949, 956 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.). No evidence showed future medical expenses to a reasonable medical probability. *See Chevron U.S.A., Inc. v. Lara*, 786 S.W.2d 48, 52 (Tex.App.—San Antonio 1990, writ denied); *Keeler v. Richards Mfg. Co.*, 817 F.2d 1197, 1202 (5th Cir.1987). Appellant's fourth and fifth points of error are sustained.

■ By appellant's sixth point of error he complains that there was no evidence or insufficient evidence to support the jury's award of $5000.00 in lost past earnings. Appellee worked as a welder and pipe-fitter. This work involves heavy lifting. He

testified that he lost two weeks worth of work immediately after the collision and one week thereafter when he reinjured his back. His wages for the time spent away from work included 120 hours of regular time plus up to 40 hours of overtime. In addition, he stated he lost time due to visits to the doctor. This time totaled 60 half days, or 240 hours. The total time lost was 360 hours plus up to 40 hours of overtime. His wage rate was $13.39 per hour. Assuming he lost 40 hours of overtime, his losses were $4820.40 worth of regular time plus $803.40 in overtime wages, or a total of $5623.80. This sum exceeds the jury finding. Thus, sufficient competent evidence supports this award. We overrule point of error six.

 By appellant's seventh point of error he complains that the trial court erred in finding a loss of future earning capacity of $42,000.00. The determination of loss of future earning capacity, like that of future medical expenses, is up to the jury's discretion; however, the evidence must provide some degree of certainty of future damages. *Tri–State Motor Transit Co.*, 765 S.W.2d at 493; *Home Interiors v. Veliz*, 695 S.W.2d 35 at 42–43 (Tex.App. 13th Dist.1985). *See also Bonney v. San Antonio Transit Co.*, 325 S.W.2d 117, 121 (Tex.1959).

The evidence showed that appellee could no longer perform his work because he could not lift pipe or other heavy objects, one of his primary functions on the job. His doctor instructed him not to lift heavy objects. He may require retraining. The evidence also indicated that this condition could get better or worse, and could continue indefinitely. Appellant also testified that he was paid $13.39 dollars per hour and that he worked at least forty hours a week. He was thirty-one years old.

Based on this evidence the jury could have found that appellee's future earning capacity was diminished by $42,000.00. We overrule appellant's seventh point of error.

 By appellant's eighth point of error he complains that the trial court erred in admitting plaintiff's exhibit number seven, which was a written summary of the evidence concerning damages. The appropriate standard of review of a trial court's decision to admit a diagram or chart is abuse of discretion. *Speier v. Webster College*, 616 S.W.2d 617, 619 (Tex.1981); *Champlin Oil & Refining Co. v. Chastain*, 403 S.W.2d 376, 389 (Tex.1966).

The jury charge inquired into seven different kinds of damages. Testimony was admitted to establish the amount of damages for each injury. The chart was helpful in summarizing the evidence relating to each different kind of damages, thus admission of the chart was not arbitrary or unreasonable, *see Worford v. Stamper*, 801 S.W.2d 108, 109 (1990) (abuse of discretion occurs when the trial court acts in an arbitrary and unreasonable manner). Appellant's eighth point of error is overruled.

 By appellant's ninth point of error he complains that the trial court erred in overruling his objection to testimony by appellee concerning money he had to pay others to work on outside jobs in which he was involved. This testimony was admitted to establish loss of past earnings, *see T.J. Allen Dist. Co. v. Leatherwood*, 648 S.W.2d 773, 774–75 (Tex.App.—Beaumont 1983, writ ref'd n.r.e.), and loss of future earning capacity. The distinction appellant draws between these jobs and his wages is that appellee was part owner in the business which ran the jobs; thus, he argues, this testimony is based on speculation about lost profits. He argues this evidence was admissible only if the predicate for lost profits in a business was established. The error, if any, in admitting the testimony is harmless because the jury's award of $5000.00 in past earnings and $42,000.00 in loss of future earning capacity was supported by competent evidence. Appellant's ninth point of error is overruled.

 By appellant's tenth point, he argues that the trial court erred in not allowing Dr. Wenger's testimony that appellant was not negligent. Dr. Wenger was asked in his video deposition if he thought appellant was negligent driving the automobile on the day of the collision. Appellee's

counsel objected that the question invaded the province of the jury. The trial court did not allow the doctor to answer the question. Dr. Wenger testified in a bill of exceptions that he did not think it was negligent for appellant to drive the automobile. Later, Dr. Wenger was allowed to testify that driving was not an unusually risky activity for appellant. He also testified that as long as appellant's blood sugars were in the normal range, he should be able to function in a perfectly normal manner in an automobile.

Tex.R.Civ.Evid. 704 provides that testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the jury. An expert may state an opinion on a mixed question of fact and law as long as the opinion is confined to the relevant issues and is based on proper legal concepts. *Birchfield v. Texarkana Memorial Hosp.*, 747 S.W.2d 361, 365 (Tex.1987).

In this case, Dr. Wenger was asked whether appellant was negligent without defining the legal concept of negligence. He was not asked to assume a legally correct definition of negligence before he was asked the ultimate question. We hold that the trial court did not err in excluding the testimony because there is no showing that his opinion was based upon proper legal concepts. Even if the court's failure to admit the testimony was erroneous, it is harmless, because the essential aspects of the doctor's testimony were before the jury. *Hooper v. Torres*, 790 S.W.2d 757, 761 (Tex.App.—El Paso 1990, writ denied); Tex.R.App.P. 81(b)(1).

In appellant's eleventh and twelfth points of error he complains that the trial court erred in admitting into evidence the depositions of a physical therapist and a records custodian. The "depositions", however, included only the predicate questions required to admit the evidence under the business record exception to the hearsay rule and Tex.R.Civ.Evid. 803(4).

The admission of depositions into evidence is prohibited. Tex.R.Civ.P. 281. The trial court should not have allowed the jury to retire with the depositions. However, the admission of these depositions was clearly harmless because they presented the jury with no new information and added nothing substantive for the jury to consider. Tex.R.App.P. 81(b)(1). We overrule appellant's eleventh and twelfth points of error.

In accordance with our finding under points of error three, four, and five, that there was no evidence to support $25,060.48 in medical expenses, we must render the judgment that the trial court should have rendered. *Vista Chevrolet, Inc. v. Lewis*, 709 S.W.2d 176, 177 (Tex.1986); Tex.R.App.P. 81(c). Accordingly, we RENDER judgment in favor of appellee for $124,939.52, plus $19,024.53 in prejudgment interest. This sum represents a reduction in the trial court's judgment of $25,060.48, which was unsupported by the evidence, and a corresponding reduction in the prejudgment interest. The trial court's judgment is otherwise AFFIRMED.